EX PARTE NORMAN D. BARROW.

No. 24126. June 2, 1948.

Hon. David McGee, Judge Presiding.

*Mays & Mays* and *Dave Miller*, of Fort Worth, for relator.

*Alfred M. Clyde*, Criminal District Attorney, *Scranton B. Jones*, and *W. E. Myres*, Assistant Criminal District Attorneys, all of Ft. Worth, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was arrested by the Sheriff of Tarrant County, Texas, by virtue of an executive warrant issued by the Governor of this State upon a requisition from the Governor of the State of Alabama. He immediately applied to the Hon. David McGee, Judge of the Criminal District Court No. 2 in and for Tarrant County, for a writ of habeas corpus. The writ was issued as prayed for and on a hearing thereof, he was remanded to the custody of the sheriff to be delivered by him to Tom E. Head, the designated agent of the State of Alabama, from which order and judgment he has appealed to this Court.

The record reflects that appellant was inducted into the U. S. Army and was stationed at Miami, Florida; that while he was in the army he met and married a young lady who resided in the State of Alabama; that unto this union one child was born; that in November, 1945, he was discharged from the army and he, his wife, and child came to Fort Worth, Texas, and lived with his parents until the first part of January, 1946, when she took their child and returned to her native state. On the 17th day of February, of said year, appellant went to see his wife and child and sought to persuade her to return to him which she declined to do unless he would provide for her some living quarters separate and apart from his parents. He remained in said state at said time until the 20th day of February when he returned to Texas.

The record further shows that on the 22nd day of October A. D. 1947, the grand jury of Covington County, in the State of Alabama, returned an indictment against him which contained two counts, in the first of which he was charged with vagrancy and in the second with the offense of child desertion. It is charged in the indictment that he committed the offense of child desertion within a period of twelve months preceding the return of the same by the grand jury.

Appellant's chief contention is that he was not in the demanding state within the period of time charged in the indictment and therefore he is not a fugitive from justice.

The undisputed and uncontroverted facts show that the last time he, the appellant, was in the demanding state was on the 20th day of said month which was one year and eight months before the indictment was returned against him. It will thus be noted that the State of Alabama limited itself to a specific period of time within which the alleged offense was committed, and, therefore, it was required to prove that he was in the demanding state within that period of time. If the state had charged that he committed the offense on or about a certain time, it could have proved the commission of the offense at any time prior to the time it would have been barred by the statute of limitations, which in this state is three years. But, having specifically charged that the offense was committed within twelve months preceding the return and filing of the indictment, the state was bound by the averment and limited by its evidence to the allegations. The offense of child desertion for which appellant is sought to be extradited is a continuous one and a conviction for such an offense bars all prosecution up to the time of his conviction. See Huffman v. State, 5 S. W. 134; Novy v. State, 138 S. W. 139; and Grissom v. State, 43 S. W. (2d) 580. See also the case of Ex Parte Hogue, 17 S. W. (2d) 1047, wherein the facts are very similar to the facts proven in the instant case. In that case it was charged in the indictment that the offense was committed on the 1st day of February, 1926, and from that day continuously until the 11th day of March, 1929. The uncontroverted proof in that case showed that the accused was not in the demanding state within that period of time. This court, in passing on the issue of whether or not the accused was a fugitive from justice said, "It is difficult to see how a person can be said to have fled from the state in which he is charged to have committed some act amounting to a crime against that state, when in fact he was not within the state at the time the act is said to have been commited. How can a person flee from a place that he was not in? He could avoid a place that he had not been in; he could omit to go to it; but how can it be said with accuracy that he had fled from a place in which he had not been present? This is neither a narrow nor, as we think, an incorrect interpretation of the statute." To the same effect is the holding of this court in the case of Ex Parte Baird, 17 S. W. (2d) 1049, wherein the state charged that appellant committed the offense within a certain period of time. In the instant case the period of time is twelve months prior to the time of the return and filing of the indictment, which is tantamount to saying that prior to that time he did not commit such an offense. It occurs to us that this is the logical construction of the averments in the indictment.

Appellant is not a fugitive from justice and, therefore, he is entitled to be discharged. The judgment of the trial court is reversed and appellant is ordered discharged.

Opinion approved by the Court.