[Crim. No. 2722.   First Dist., Div. Two.   Dec. 26, 1950.]

In re I. B. Padway, on Behalf of JESS FREEMAN HAYES, on Habeas Corpus.

I. B. Padway for Petitioner.

Fred N. Howser, Attorney General, Clarence A. Linn, Deputy Attorney General, and N. J. Menard, District Attorney (Santa Clara), for Respondent.

DOOLING, J.—The writ of habeas corpus was issued in this case upon a verified petition which recited that Hayes was in custody by reason of a warrant issued by the governor of this state in an extradition proceeding to answer a charge of abandonment and desertion of his minor children in the State of Oklahoma.   The petition alleged that neither the demand nor warrant from the Governor of Oklahoma alleges that Hayes was present in Oklahoma at the time of the commission of the alleged crime, or thereafter fled the State of Oklahoma, "or that said Jess Freeman Hayes committed an

act in the State of California or in any state intentionally resulting in a crime in the State of Oklahoma.''

 These allegations brought the case within the rule announced in *In re Brewer*, 61 Cal.App.2d 388 [143 P.2d 33]. However the return shows that our Governor acted upon a requisition from the Governor of Oklahoma based upon an amended complaint which charges Hayes with wilful failure to provide for his children in Oklahoma and charges further that ''while not personally present in the State of Oklahoma (Hayes) committed the act complained of in the State of California, intentionally resulting in the commission of said crime in the State of Oklahoma.'' The quoted allegation of the amended complaint takes this case out of the field of the Brewer case cited above and places it in that of *In re Morgan*, 86 Cal. App.2d 217 [194 P.2d 800]. The Morgan case holds squarely that one who commits an act in California which intentionally results in a crime in the demanding state may be extradited to that state pursuant to Penal Code, section 1549.1.

Writ discharged.

Nourse, P. J., concurred.