No attorney on appeal.

George P. Blackburn, State's Atty., of Austin, for the State.

### Ex parte KING.
### No. 25226.

Court of Criminal Appeals of Texas.

Feb. 28, 1951.

———◆———

Grady L. Fox, Amarillo, for appellant.

George P. Blackburn, State's Atty., of Austin, for the State.

WOODLEY, Commissioner.

Appellant was arrested by the Chief of Police of the City of Borger, Hutchinson County, Texas, by virtue of an executive warrant issued by the Governor of Texas upon a requisition from the Governor of the State of Oklahoma.

Upon appellant's application, writ of habeas corpus was issued by Honorable W. E. Gee, Judge of the 108th Judicial District of Potter County, and upon a hearing was remanded to the custody of the officer to be delivered to the agent of the demanding state. From this order, this appeal was perfected.

Upon the hearing, it was shown that appellant was charged in the State of Oklahoma by affidavit and preliminary information with the offense of abandonment and neglect of his minor child, the date of the offense being alleged as "on the 25th day of September, A.D. 1950."

It was further shown by the testimony, without dispute, that appellant was not in the State of Oklahoma on September 25, 1950, and had not been in that state for several months prior thereto.

Appellant testified on the hearing that he moved to Texas in August of 1949 since which time he had not at any time returned to Oklahoma. He further testified that at the time he left Oklahoma he was not in arrears in the payments required to be

made by him for the support of the child alleged to have been abandoned and neglected under the terms of the divorce decree obtained by his wife in 1943.

This testimony was not controverted by the state.

Though the charge of neglect and failure to support a child is of a continuous nature, the state having alleged the offense to have been committed on the specific date of September 25, 1950, and it being undisputed that appellant was not then, and had not been for several months prior thereto, in the State of Oklahoma, appellant could not be said to have fled from the State of Oklahoma and is not therefore a fugitive from justice. See Ex parte Hogue, 112 Tex.Cr.R. 495, 17 S.W.2d 1047; Ex parte Barrow, 152 Tex.Cr.R. 155, 211 S.W.2d 753.

The judgment of the trial court is reversed and appellant is ordered discharged.

Opinion approved by the Court.