(January 22, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CARL A. HALL, Appellant, v J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 31, 1975 in Washington County, which, after a hearing, dismissed a writ of habeas corpus. Petitioner is presently confined at Great Meadow Correctional Facility under a judgment of conviction rendered in the Suffolk County Court. On October 11, 1973, a Grand Jury in Mobile, Alabama, indicted the petitioner for the crimes of first degree murder and robbery allegedly committed on August 17, 1973 in Pritchard, Alabama. Extradition proceedings were instituted by the State of Alabama and, after two extradition warrants were dismissed, a third warrant was issued on April 23, 1974 seeking the return of the petitioner. The extradition warrant was granted by the Governor of New York at the request of the Governor of Alabama. Pursuant to a writ of habeas corpus issued by the Supreme Court, hearings were held on the validity of this third extradition warrant. By judgment entered January 31, 1975, Special Term denied the writ of habeas corpus but ordered that the extradition warrant be stayed pending the ensuing appeal. Petitioner's initial contention is that the Alabama indictment is defective in that it does not comply with the requirements of the Criminal Procedure Law of the State of New York. In habeas corpus proceedings to challenge the sufficiency of a warrant of extradition, the courts of this State may not dismiss an indictment returned by a Grand Jury of the demanding State certified by the Governor of that State and which substantially charges a crime *(People ex rel. Hamilton v Police Comr. of the City of NY,* 100 App Div 483, app dsmd 185 NY 594). Our courts will not look into the technical sufficiency of the indictment *(People ex rel. Marshall v Moore,* 167 App Div 479, affd 217 NY 632). The fact that an indictment is insufficient by the requirements of New York law is irrelevant. A warrant of extradition will be issued where the indictment charges a crime in the demanding State (CPL 570.08). Thus, challenges to the sufficiency of the indictment are to be determined in the courts of the demanding State *(People ex rel. Leven v Allen,* 6 AD2d 1056). When extradition is sought on the basis of an indictment as in the instant proceeding, the forms of the pleading established in the demanding State will be accepted as sufficient by the courts of the State in which the fugitive is seized *(Hogan v O'Neill,* 255 US 52; *People ex rel. Marshall v Moore, supra).* We do not consider the question of the sufficiency of the indictment as a pleading, nor the responsibilities resulting from the trial, nor the merits of the defense to the indictment or the motive for the purpose of the extradition proceeding *(People ex rel. Higley v Millspaw,* 281 NY 441; *People ex rel. Grant v Doherty,* 42 Misc 2d 239, revd on other grounds 21

AD2d 829). On July 29, 1974, petitioner's attorney requested a lineup for the purposes of establishing or not establishing the identity of the petitioner as a participant in the alleged crime in Alabama. The petitioner himself chose seven other black inmates as participants in the lineup. The witness identified the petitioner as a perpetrator of the crime. On this appeal, the petitioner contends that the lineup identification should have been suppressed. Under the totality of circumstances doctrine enunciated by the court in *Neil v Biggers* (409 US 188), the trial court did not err in refusing to suppress the lineup identification. Petitioner was represented by counsel at all times during the lineup and, indeed, the lineup could not be considered unnecessarily suggestive since it was the petitioner himself who selected the inmates to be included in the lineup. Finally, the petitioner as a defense to the extradition contends that he was not within the State of Alabama at the time of the alleged crime. This is a valid defense to an extradition warrant. The People, by the testimony of a person who was present at the time of the alleged crime and by fingerprints taken at the scene of the crime and compared with those of the petitioner, presented substantial evidence to support their contention that the petitioner was in the demanding State at the time of the crime. Under such circumstances, the petitioner must come forward and establish by clear evidence that he was not within the demanding State *(People ex rel. Harris v Warden of NY City Adult Remand Center,* 42 AD2d 549; *People ex rel. Pirone v Police Comr. of City of NY,* 15 AD2d 809). Our examination of the testimony presented by petitioner verifies the determination of Special Term that it was vague, contradictory, inconclusive and unworthy of belief on this issue. We concur with the finding of Special Term that the petitioner failed to establish that he was not present in the demanding State at the time of the commission of the alleged crime. Judgment affirmed, without costs, and stay vacated. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.