### In re Ronald Everett

[427 A.2d 349]

No. 171-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 3, 1981

*James L. Morse,* Defender General, *William A. Nelson,* Appellate Defender, Montpelier, and *David G. Reid,* Public Defender, Brattleboro, for Petitioner.

*M. Jerome Diamond,* Attorney General, and *Susan R. Harritt,* Assistant Attorney General, Montpelier, for Respondent.

**Barney, C.J.** Ronald Everett brought a habeas corpus proceeding in Windsor Superior Court to prevent his extradition to New Hampshire. The court denied the petition, and he appeals to this Court.

On the evening of January 12, 1980, an armed robbery occurred in Walpole, New Hampshire. New Hampshire police came into Vermont and detained the petitioner in Bellows Falls, suspecting that he had committed the robbery. The New Hampshire police called the Bellows Falls police for assistance and an officer arrived soon after. The petitioner was searched and interrogated by the New Hampshire police, and was identified by the New Hampshire victim. The Vermont police did not participate in this process. Approximately two hours after the New Hampshire police had stopped the petitioner, the Bellows Falls police arrested him as a fugitive from justice. In a habeas corpus proceeding to obtain release from this initial arrest, a Vermont court concluded that the Vermont police did not have probable cause to arrest the petitioner as a fugitive from justice and that the arrest was therefore illegal. The court consequently ordered the petitioner released.

The day after the arrest, the New Hampshire police officer who initially detained the petitioner signed a complaint and a supporting affidavit, in New Hampshire, alleging that the petitioner committed the armed robbery. The District Court in Keene, New Hampshire, found sufficient probable cause to arrest the petitioner. The Governor of New Hampshire requested extradition of the petitioner. The Governor of Vermont issued a warrant for the apprehension of the petitioner, who was consequently arrested. Petitioner brought this habeas corpus petition to prevent the extradition.

In this second habeas corpus proceeding the petition seeks to attack the extradition proceeding itself on the basis

that the probable cause finding of the New Hampshire court was tainted by the original arrest, already found deficient by a Vermont court. However, such an issue is not available in a proceeding to test the validity of the proposed rendition under an executive warrant, issued in response to a request for extradition.

It has been regularly held in this Court that review of extradition process relates to the validity of the demanding warrant and the procedural compliance with the requirements for rendition. If those are in order, we look no further in this proceeding. *In re Saunders,* 138 Vt. 259, 264, 415 A.2d 199, 202 (1980); *In re Roessel,* 136 Vt. 324, 327–28, 388 A.2d 835, 838 (1978).

"Interstate extradition was intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution." *Michigan* v. *Doran,* 439 U.S. 282, 288 (1978). The New Hampshire Supreme Court has stated, "The judicial inquiry into [a petition for habeas corpus in an extradition proceeding] involves the identity of the person charged, the correctness of the requisition papers, whether the person is a fugitive, whether a crime is substantively charged, and, if the person has not yet been indicted, whether there has been a judicial determination of probable cause." *Gullick* v. *Sampson,* 118 N.H. 826, 827, 395 A.2d 187, 188 (1978). This standard is not in conflict with *Michigan* v. *Doran, supra,* 439 U.S. at 289. See also 439 U.S. at 296 (Blackmun, J., concurring). Our statute, 13 V.S.A. § 4943, provides for essentially the same material upon demand, except that the probable cause element is satisfied by an affidavit that complies with the statute.

Probable cause to arrest the petitioner for the armed robbery was found in New Hampshire. In light of the summary nature of extradition proceedings, our function is to determine the compliance of the documentation with the statute, not to look behind it. *In re Saunders, supra.* The substantive issue sought to be raised here can be litigated in the New Hampshire court in the trial on the merits. *In re Roessel, supra,* 136 Vt. at 328, 388 A.2d at 838.

*Judgment affirmed.*