## Anthony Deyo v. Richard Snelling, Governor of the State of Vermont and George Africa, Superintendent of the Chittenden Correctional Center

[428 A.2d 1119]

No. 111-80

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed February 5, 1981

Motion for Reargument Denied February 20, 1981

*Blodgett & McCarren,* Burlington, for Petitioner.

*Mark J. Keller,* Chittenden County State's Attorney, *Robert V. Simpson, Jr.,* Deputy State's Attorney, and *Alvin E. Dunnem,* Law Clerk (On the Brief), Burlington, for Respondents.

Hill, J. The appellant challenges a rendition warrant requested by the State of Arizona and signed by the Vermont Governor under which extradition is being attempted. He claims the warrant and the Arizona documents attached thereto do not comply with the provisions of 13 V.S.A. chapter 159, Vermont's codification of the Uniform Criminal Extradition Act (Extradition Act). We agree.

The appellant was charged with aggravated assault in Arizona. There, accompanied by an attorney, he voluntarily waived his right to a preliminary hearing, thus foregoing the right not to be held in the absence of a finding of probable cause that he had committed an offense. See *Giordenello* v. *United States*, 357 U.S. 480, 484 (1958). Thereafter, an information was filed in the superior court of Maricopa County, Arizona. The appellant, however, twice failed to appear to answer the charges.

Two months after the appellant's first failure to appear, he was arraigned in district court in Vermont as a fugitive from justice. The extradition documents from Arizona included the information, a copy of the accused's waiver of a preliminary hearing and affidavits by the investigating officer acknowledged before a notary public, yet found by the court below, without challenge, insufficient to support the information charging plaintiff with aggravated assault. A Governor's warrant was subsequently issued, pursuant to 13 V.S.A. § 4947, to have the appellant arrested and extradited. The appellant challenged the extradition by a petition for a writ of habeas corpus in superior court. From denial of the petition, he appeals.

In the absence of an indictment or a judgment of conviction or sentence, extradition documents from a demanding state must contain: (1) an information filed by a prosecuting officer and supported by affidavit to the facts of the crime; or (2) a copy of an affidavit made before a magistrate in that state. 13 V.S.A. § 4943(a). Arizona provided no affidavit to the facts of the crime by the prosecuting officer or affidavits executed before a magistrate.

The court below accepted Arizona's argument that the information and supporting documentation relating to the appellant's waiver of a probable cause hearing are an adequate

substitute for the requirements dictated by the Extradition Act.

We are asked in this case to look beyond the four corners of the extradition documents and the explicit mandate of the Extradition Act. Arizona has provided Vermont with an information, affidavits by an investigating officer acknowledged before a notary public—not before a magistrate—and a copy of the accused's waiver of a probable cause hearing in the demanding state. Citing *State* v. *Hood,* 69 Ariz. 294, 213 P.2d 368 (1950), Arizona claims that a defendant's waiver of his right to a preliminary hearing is the legal equivalent of a judicial finding of probable cause and thus is a substitute for the affidavit of facts.

An examination of Arizona law is neither necessary nor proper to reach a resolution of this case. As Arizona has itself argued, Vermont's inquiry should not include an examination of the demanding state's laws or judicial proceedings. See *Russell* v. *Smith,* 127 Vt. 225, 245 A.2d 563 (1968). The scope of a habeas corpus review is limited to an examination of whether the extradition documents satisfy the Act's demands. No substitutes are allowed. See *In re Everett,* 139 Vt. 317, 427 A.2d 349 (1981).

The failure of the demanding state to comply with the terms of the Extradition Act by neither supplying an affidavit made before a magistrate nor an affidavit of fact by the prosecuting officer to support the information is fatal to its request.

*The decision of the Chittenden Superior Court is reversed and the petition for habeas corpus is granted. To be certified forthwith.*