39195. IN RE PACE.

BELL, Justice.

This case concerns the questions of whether the extradition provisions of the Uniform Reciprocal Enforcement of Support Act (URESA, Code Ann. § 99-906a) apply in criminal extradition proceedings for the crime of non-support, and if they do, what is their effect.

The State of South Carolina brought extradition proceedings against Pace for the crime of non-support. In opposition, Pace filed a petition pursuant to Code Ann. § 99-906a (c) claiming that his compliance with that Code section should relieve him from extradition. The trial court found that Pace's submission to URESA would not relieve him from extradition to South Carolina. In order to proceed with an appeal, Pace filed a habeas petition which was denied. He appeals.

We find that Code Ann. § 99-906a applies in criminal extradition proceedings for the crime of non-support. Its provisions clearly envision such application; subsection (a)(2) provides that "The Governor of this state may: . . . (2) Surrender on demand by the governor of any other state, any person found in this state who is charged with the crime of failing to provide for the support of a person in the other state," and subsection (b) provides that "The provisions for the extradition of criminals not inconsistent with this Code section shall apply to any such demand. . . ." In light of this language and since Code Ann. § 99-906a was enacted after the Uniform Criminal Extradition Act, we hold that the extradition provision of URESA and of the Uniform Criminal Extradition Act must be construed together. See *Aikens v. Turner,* 241 Ga. 401 (a) (245 SE2d 660) (1978).

The next question is what is the effect of an obligor's compliance with Code Ann. § 99-906a. In this case, Pace has complied with its provisions; he submitted himself to the jurisdiction of the Gwinnett

County Superior Court; he expressed his willingness to comply with any of that Court's support orders; and he filed the necessary information in his petition. Pace argues that his compliance relieves him from extradition. We disagree. Code Ann. § 99-906a (c) provides that the obligor (Pace) "may" be relieved of extradition if he complies with its provisions.

The decision on whether to extradite the obligor is placed in the Governor's hands by Code Ann. § 99-906a (e). However, before the Governor may exercise his discretion, the trial court must make a temporary order of support and deliver two certified copies to the Governor and one to the District Attorney. Upon receipt of the order of support and so long as the obligor is complying with the order, the Governor may exercise his discretion and suspend extradition. Code Ann. § 99-906a (e). We note that this procedure allows the Governor to thoroughly review the facts and to determine whether the remedy of the payment of child support is sufficient. If the Governor determines it is not, he can allow extradition to proceed and permit the other state to seek enforcement of its criminal laws in addition to payment of the support obligations.

In this case, the trial court did not allow Pace to have the benefit of the procedures outlined in Code Ann. § 99-906a; i.e., it did not make a temporary order of support and serve it upon the Governor. Consequently, this case must be remanded for action consistent with this opinion.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 22, 1982.

*James W. Oxendine & Associates, Robert W. Rodatus,* for appellant.

*Bryant Huff, District Attorney, Genevieve L. Frazier, Assistant District Attorney,* for appellee.

Johnny Mack Brown, *pro se.*