330

## In re Steven Sousie

[516 A.2d 142]

No. 85-550

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 8, 1986

*David W. Curtis*, Defender General, and *William A. Nelson*, Appellate Defender, Montpelier, for Plaintiff-Appellant.

*Robert Andres*, Chittenden County Deputy State's Attorney, Burlington, for Defendant-Appellee.

**Peck, J.** This is an appeal from the denial of a petition for a writ of habeas corpus which alleged that a demand for extradition by the State of Massachusetts did not comply with the requirements of 13 V.S.A. § 4943. We reverse.

█ 13 V.S.A. § 4943 requires that a demand for extradition be accompanied by a "copy of a judgment of conviction or of a sentence imposed in execution thereof," where the person to be extradited has already been convicted but has escaped from confinement or broken the terms of bail, probation or parole. The documents sent by Massachusetts included copies of: the jury indictment charging petitioner with armed robbery; the certificate of parole; a signed statement by the acting chairman of the Massachusetts parole board indicating that the petitioner had been convicted, sentenced, released on parole and had violated parole; the parole violation report; petitioner's fingerprints and mug shot; a document entitled "warrant"; a governor's authorization to convey the petitioner back to Massachusetts as a parole violator; and

numerous documents certifying the signatures of the various officials involved. However, as acknowledged by the trial court, not one of these documents is a copy of the judgment of conviction. Nevertheless, the lower court decided that a document signed by a court clerk, and entitled "warrant," was sufficient to constitute a copy of a sentence imposed. The document authorized the transportation of the petitioner to the Massachusetts correctional institution to serve his sentence. The front of the document recites that petitioner was convicted of a crime and the length of the sentence imposed. On the reverse side of the document, a special state police officer signed a statement to the effect that he had received the petitioner and committed him to the correctional institution in consideration of the sentence imposed. There is also a signed statement by a deputy sheriff that he had delivered the petitioner to the correctional institution. The court found that a consideration of the front of the document together with the reverse side satisfied § 4943.

In a similar case, a certificate of conviction signed by a court clerk was held to be insufficient. *Britton* v. *State,* 447 So. 2d 458, 459 (Fla. Dist. Ct. App. 1984). We agree with that court's reasoning:

> If the legislature intended that something less than the document representing the official court action of conviction or sentence would be sufficient and that the risk, however small, of a mistake . . . was acceptable, we must presume [the statute] would have said so. The law commonly requires actual documents, as opposed to conclusory statements concerning those documents, and we see no justification for requiring less in an extradition proceeding involving the deprivation of liberty when the statutory requirement is explicit.

*Id.*

■ Although the documents in this case are numerous and state that a sentence had been imposed, still they do not comply with § 4943(a). Our "review of extradition process relates to the validity of the demanding warrant and the procedural compliance with the requirements for rendition." *In re Everett,* 139 Vt. 317, 319, 427 A.2d 349, 350 (1981). The failure of the State of Massachusetts to comply with the provisions of the Extradition Act, as adopted in 13 V.S.A. § 4943, is fatal to its request. *Deyo* v. *Snelling,* 139 Vt. 341, 343, 428 A.2d 1117, 1119 (1981).

Because we reverse on this issue, we do not address petitioner's other claims.

*Reversed.*