## In re Gerald Ropp

[541 A.2d 84]

No. 87-486

Present: **Allen, C.J., Peck, Gibson and Mahady, JJ., and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed December 24, 1987

*Steve Dunham,* Public Defender, St. Albans, for Petitioner-Appellant.

*Howard E. VanBenthuysen,* Franklin County State's Attorney, St. Albans, for Respondent-Appellee.

**Allen, C.J.** Petitioner appeals from the denial of a petition for a writ of habeas corpus after an arrest under Vermont's extradition statute on charges of felony nonsupport in Wisconsin. We affirm.

On October 17, 1987, petitioner was stopped by a Vermont State Police officer because of a bald tire. A records check revealed that he was wanted in Wisconsin as a fugitive from justice on a warrant alleging that he was in arrears in court-ordered support for his two children. He was arrested without warrant, pur-

suant to 13 V.S.A. § 4954, and brought before the District Court, Franklin Circuit on October 19, 1987 upon a Complaint and Petition for Interstate Rendition of Fugitive.

The complaint filed by the state's attorney alleged that the petitioner was charged with the crime of felony nonsupport, that probable cause existed to show that he probably committed the crime, that a felony arrest warrant had issued for him based upon an affidavit of an investigator for a sheriff's office, and that the affidavit alleged that the defendant had failed to make court-ordered support payments with arrearages exceeding $25,000. An affidavit of a Vermont State Police officer attached to the complaint stated that he had probable cause to believe that petitioner was a fugitive from justice based on a records check which revealed that he was wanted on a criminal felony warrant for nonsupport in Wisconsin.

Following the examination required by 13 V.S.A. § 4955,[1] the district judge found that the petitioner was the person charged with having committed the crime alleged, that he probably committed the crime and that petitioner had fled from justice. See *Lovejoy* v. *State*, 148 Vt. 239, 243-44, 531 A.2d 921, 924 (1987). Petitioner was thereafter committed to the Commissioner of Corrections by mittimus to await a warrant of the Governor. He then filed the instant petition in Franklin Superior Court.

The superior court concluded that the findings were supported by the record and denied the petition. At the hearing on his petition for the writ, petitioner contended that there was no showing that he had probably committed the offense and that the State did not allege that he had been in the State of Wisconsin during the period that "forms the basis for the criminal case." Petitioner renews these claims on appeal.

---

[1] 13 V.S.A. § 4955. Commitment to await extradition; bail

    If upon examination it appears that the person held is the person charged with having committed the crime alleged and that he probably committed the crime, and, except in cases arising under section 4946 of this title, that he has fled from justice, the judge or magistrate shall commit him to jail by a warrant, reciting the accusation, for such a time, not exceeding thirty days, to be specified in the warrant as will enable the arrest of the accused to be made under a warrant of the governor on a requisition of the executive authority of the state having jurisdiction of the offense, unless the accused give bail as provided in section 4956 of this title, or until he shall be legally discharged.

At the superior court hearing the state's attorney represented that the information and affidavits supporting the allegations in the complaint had been furnished to him over the telephone by a detective at the Kenosha County, Wisconsin police department. This information was sufficient to establish that petitioner probably committed the crime.[2] The documents and hearsay before the court supported the findings and justified continued detention under 13 V.S.A. § 4955. See *Lovejoy*, 148 Vt. at 244, 531 A.2d at 924.

█ The contention that the state did not allege that petitioner was in the State of Wisconsin during the period involved is quickly disposed of.[3] The affidavit accompanying the arrest warrant alleged that the petitioner, at the City of Kenosha in Kenosha County, Wisconsin, failed to provide child support. There is no evidence in the record before this Court contradicting the alle-

---

[2] Certified copies of the arrest warrant and affidavit were forwarded by the state's attorney to the court on the day prior to the hearing on the habeas petition. It does not appear that they were received by the court until the day following the hearing and after the court rendered its decision.

[3] It is not clear that petitioner's whereabouts on the date when the nonsupport began is critical. Petitioner conceded both in the district court and in his petition below that even if he was not present in Wisconsin when the felony nonsupport commenced, he still would have to demonstrate why he was not subject to extradition under 13 V.S.A. § 4946, which does not require presence in the demanding state. The only defense offered by petitioner to extradition under § 4946 was that mere nonpayment was not a sufficient "act" to trigger extradition under that section. Such defense is without substance. *In re Harris*, 170 Ohio St. 151, 163 N.E.2d 762 (1959) (Ohio resident failing to support Wisconsin child "commits an act" in Ohio which results in crime in Wisconsin); see also 13 V.S.A. § 2; *State* v. *Harrington*, 128 Vt. 242, 249-50, 260 A.2d 692, 696 (1969) (the offender is responsible for an act committed in this state which results in a crime in this state or outside it, in the same manner as if the entire offense had been committed in this state); *Ex parte Hayes*, 101 Cal. App. 2d 416, 417, 225 P.2d 272, 272-73 (1950) (by failing in California to support child in Oklahoma, father committed an act resulting in the crime of nonsupport in Oklahoma); *Conrad* v. *McClearn*, 166 Colo. 568, 572, 445 P.2d 222, 224 (1968) (father may be extradited from Colorado for crime of failure to pay support in California); *Johnstone* v. *Deyton*, 233 Ga. 146, 148, 210 S.E.2d 692, 694 (1974) (extradition under Uniform Criminal Extradition Act, adopted by Georgia, for the offense of nonsupport does not require the presence of the accused in the demanding state at the time of the alleged commission of the crime); *Clayton* v. *Wichael*, 258 Iowa 1037, 1040, 141 N.W.2d 538, 540 (1966) (father charged with the crime of nonsupport of child in Oregon could be extradited from Iowa under Uniform Criminal Extradition Act, adopted by Iowa).

gations that the petitioner committed the crime at Kenosha on the dates set forth and that he was a fugitive.

■ Petitioner next contends that his commitment was erroneous because he was committed after his hearing in the Franklin District Court by a mittimus instead of a warrant, as prescribed in 13 V.S.A. § 4955, and that the mittimus did not meet the requirements of a warrant, described in § 4953. Petitioner's reliance on § 4953 is misplaced. Section 4953 involves a court-issued *arrest* warrant to apprehend a person charged with a crime in another state. There is no indication that the requirements for an arrest warrant apply to the "warrant" in § 4955, which commits the accused to jail for not more than 30 days, pending arrival of the Governor's warrant for arrest under § 4947.

So long as all of the procedural safeguards have been observed, the petitioner may not complain that the commitment "warrant" required in the language of the Uniform Criminal Extradition Act was referred to as a "mittimus" here. The distinction is purely semantic. Black's Law Dictionary 904 (5th ed. 1979), defines "mittimus" as:

> The name of a precept in writing, issuing from a court or magistrate, directed to the sheriff or other officer, commanding him to convey to the prison the person named therein, and to the jailer, commanding him to receive and safely keep such person until he shall be delivered by due course of law. . . .

This is precisely the function performed by a "warrant" under § 4955. The district court's order of commitment was in proper form and provides no basis for review.

*Affirmed.*