# In re Paul B. Graziani

[591 A.2d 91]

No. 91-024

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed April 5, 1991

*E.M. Allen*, Defender General, and *William A. Nelson*, Appellate Attorney, Montpelier, for Petitioner-Appellant.

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Respondent-Appellee.

**Dooley, J.** Petitioner Paul Graziani appeals from the superior court's denial of his petition for writ of habeas corpus. We affirm.

On the evening of May 29, 1990, a bomb exploded on the front porch of a residence in Torrington, Connecticut. Following an investigation by the Torrington Police Department, the State of Connecticut charged petitioner with arson, manufacture of a bomb, reckless endangerment, possession of a sawed-off shotgun, and violation of probation. On August 16, 1990, the Governor of Connecticut requested extradition of petitioner from Vermont.

The requisition warrant was accompanied by the following documents: (1) an "Information," dated June 22, 1990, charging petitioner with arson, manufacture of a bomb, and reckless endangerment; (2) an "Application for Arrest Warrant," signed by an assistant state's attorney and dated June 22, 1990, including a six-page affidavit signed and sworn to by a Torrington police officer before a police sergeant, who apparently is also a notary; (3) a "Finding," preprinted on the arrest warrant application and signed by a superior court judge, stating that "there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused"; (4) an arrest warrant, signed by a superior court judge and dated June 22, 1990; (5) an "Information," dated June 29, 1990, charging petitioner with possession of a sawed-off shotgun; (6) a form entitled "Application for Arrest Warrant," signed by a deputy assistant state's attorney and dated June 22, 1990, including a three-page affidavit, signed and sworn to by a Torrington Police Department sergeant before a police lieutenant, who apparently is a notary; (7) a "Finding," preprinted on the application described in (6) and signed by a superior court judge, stating that "probable cause exists for the issuance of a warrant for the arrest of the above named accused"; and (8) an arrest warrant, signed by a superior court judge and dated June 29, 1990. On September 13th, the Governor of Vermont issued a warrant for the arrest of petitioner, who was subsequently apprehended. Petitioner brought this habeas corpus petition to prevent his extradition.

Petitioner complained that the documents filed in support of Connecticut's extradition demand failed to comply with Vermont's codification of the Uniform Criminal Extradition Act, 13 V.S.A. §§ 4941–4969. According to petitioner, the extradition demand was defective because the accompanying affidavits were sworn to before a police officer, rather than "before a magistrate," as required by § 4943. The trial court concluded that, taken as a whole, the materials accompanying the warrant—an "affidavit notarized by a police officer, a finding of probable cause by a judicial officer and a warrant"—satisfied the requirements of the Act. On appeal, petitioner claims that the trial court erred in ruling that the documents satisfied the re-

quirement of an "affidavit made before a magistrate." The State advances an alternative ground for affirmance under §4943, that the requisition warrant included "an information supported by affidavit."

■ We have emphasized that review in this Court is limited to "the validity of the demanding warrant and the procedural compliance with the requirements for rendition. If those are in order, we look no further in this proceeding." *In re Everett*, 139 Vt. 317, 319, 427 A.2d 349, 350 (1981). Under 13 V.S.A. § 4943(a), an extradition demand for a person who is charged with a crime in the demanding state must be accompanied by a copy of one of the following documents: (1) an indictment; (2) an information supported by affidavit; or (3) an affidavit made before a magistrate. Subsection (b) of § 4943 states that an extradition warrant shall not be issued unless the accompanying documents "show that . . . [the person] is lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate." These two sections provide the bases for the issuance of an extradition warrant and must be read together. See *Rayburn v. State*, 366 So. 2d 698, 702 (Ala. Crim. App. 1978), *aff'd*, 366 So. 2d 708 (Ala. 1979) (applying identical provisions in Alabama Act).

In this case, the two affidavits submitted with the extradition warrant were sworn to by officers from the Torrington Police Department before police officers who apparently were notaries. Neither was "made before a magistrate." The trial court concluded that the accompanying arrest warrant, signed by a superior court judge, vindicated the warrant. We do not decide whether these materials, viewed in their entirety, satisfy the "affidavit made before a magistrate" ground of § 4943; rather, we conclude that the denial of the petition must be affirmed because the extradition demand included "an information filed by a prosecuting officer and supported by affidavit to the facts." See *State v. Greenia*, 147 Vt. 596, 597, 522 A.2d 242, 243 (1987) (decision of trial court may be affirmed on any legal ground, even though trial court based its ruling upon another ground).

The extradition demand was supported by two "Information" forms from a Connecticut state's attorney's office. The first was signed by an assistant state's attorney; the latter was signed by

a deputy assistant state's attorney. Either of these documents satisfy the "information filed by a prosecuting officer" language of § 4943. They are sworn to by the prosecuting officer and are accompanied by detailed affidavits, sworn to by Torrington Police Department officers. These informations and affidavits satisfy the "supported by affidavit" requirement of the statute.

■ Petitioner makes two arguments against this conclusion. The first is that there is nothing to show that the informations were filed by the prosecutor or anyone else, a specific requirement of § 4943. At best, petitioner is raising a "mere technical error" in the extradition documents. See *In re Ropp*, 149 Vt. 269, 274, 541 A.2d 86, 90 (1988). The information, dated June 22, 1990, is accompanied by an affidavit of June 21, 1990 on a form entitled "Application for Arrest Warrant." On the bottom of the form is a finding of a superior judge, dated June 22, 1990, that probable cause exists for issuance of an arrest warrant. An arrest warrant was issued on that date. To accept petitioner's argument, we would have to conclude that the court ordered the arrest of petitioner based on an information that had never been filed. We believe that the action of the court was sufficient to establish filing by a prosecuting officer.

Petitioner's second argument is that the affidavit supporting the information must be made by the prosecuting officer; an affidavit of a police officer is insufficient. He correctly points out that this Court, in a previous case, appeared to construe § 4943 to require an information filed by a prosecuting officer to be supported by "an affidavit of fact *by the prosecuting officer*." *Deyo v. Snelling*, 139 Vt. 341, 343, 428 A.2d 1117, 1119 (1981) (emphasis supplied).*

The *Deyo* decision does not appear to rest on who authored the affidavit in that case; the lower court found the affidavit

---

* Although neither party argued the point, we do not wholly dismiss the possibility that there is an adequate prosecutor's affidavit in this case. Both informations were verified. According to the form, this was done to obtain an arrest warrant apparently to comply with Conn. Gen. Stat. Ann. § 54-2a (West 1985) (affidavit required to show probable cause for arrest warrant). We are unable to determine, however, whether under Connecticut law the prosecutor is swearing to the general allegations made in the information or to the specific facts as shown in affidavit of the police officer. Accordingly, we cannot conclude on this sparse record that the verification of the informations was sufficient to create a complying affidavit of the prosecutor.

"insufficient to support the information charging plaintiff" with the crime. *Id.* at 342, 428 A.2d at 1118. Thus, it should be taken as a holding that there was no supporting affidavit. We need not disturb that holding, but we agree with the State that an affidavit from the prosecutor is not required. Three reasons support this conclusion.

First, the express language of the Act is unambiguous. Section 4943(a) states that an extradition demand "shall not be recognized" unless accompanied by an indictment, an affidavit made before a magistrate, or "by an information supported by affidavit in the state having jurisdiction of the crime." Section 4943(b)(3) states that the accompanying documents must show that the accused "is lawfully charged . . . by information filed by a prosecuting officer and supported by affidavit to the facts." In construing these statutes, we are bound in the first instance to use the plain ordinary meaning of the words used. See *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). Further, we ordinarily do not assume that words are used in a more limited sense than their plain meaning. See *State v. Camolli*, 156 Vt. 208, 211, 591 A.2d 53, 54 (1991). The legislature used the word "affidavit" here without limiting the affidavit to a particular author. If they intended such a limitation they would have said so. See *id.* at 213, 591 A.2d at 56 (had the legislature intended to limit the permissible type of DUI test "it would have used specific test names rather than the generic term 'test'").

Second, the statute itself makes it clear that the purpose of documentary support is to ensure that the demanding state has "substantially charge[d] the person demanded with having committed a crime under the law of that state." 13 V.S.A. § 4943(a); see *Glover v. State*, 257 Ark. 241, 243, 515 S.W.2d 641, 643 (1974) ("The only question involved here is the sufficiency of the requisition, and the answer turns upon the question whether there is a substantial charge of a violation of the laws of [the demanding state]."). There can be no doubt that the informations and affidavits—along with the arrest warrant signed by a judicial officer—accomplish that purpose. See, e.g., *id.* at 244, 515 S.W.2d at 644 (under Arkansas extradition statute identical to Vermont statute, information supported by affidavit was sufficient); *In re Ierardi*, 366 Mass. 640, 646, 321

N.E.2d 921, 925 (1975) (information supported by police officer's affidavit satisfied requirements of Massachusetts codification of the Uniform Criminal Extradition Act); *Salvail v. Sharkey*, 108 R.I. 63, 69, 271 A.2d 814, 818 (1970) (same under Rhode Island codification of the Uniform Criminal Extradition Act); *Ex parte Quinn*, 549 S.W.2d 198, 201 (Tex. Crim. App. 1977) (information supported by affidavit by complaining witness).

Third, we can think of no reason why we would have a preference for an affidavit of a prosecutor over that of an investigating police officer. Indeed, an affidavit of a prosecutor is likely to be based on information supplied by investigating officers and, thus, is further from the source of the information. In many instances it will have to be created solely for extradition purposes because it will have no significance in a state's criminal procedure. We cannot accept that the legislature intended to impose such a meaningless, technical requirement.

*Affirmed.*