## In re Joseph NASON and Randy Lee

[682 A.2d 955]

No. 96-269

June 28, 1996. Petitioners Randy Lee and Joseph Nason appeal from the Rutland Superior Court's denial of their habeas corpus petition seeking to prevent their extradition to Maine. We affirm.

Petitioners were arrested in Vermont on informations alleging that they were fugitives from the State of Maine on December 1, 1995. They had been indicted by a Maine grand jury for burglary and receipt of stolen property and incarcerated in lieu of cash bail. On January 19, 1996, petitioners were both served with a governor's warrant from the State of Maine and proposed rendition signed by the Governor of Vermont.

On January 25, 1996, petitioners filed a joint petition for a writ of habeas corpus claiming that their restraint was unlawful for failure by the State to establish that they probably committed the crime. See 13 V.S.A. § 4950 ("legality of the arrest" must be tested by application for writ of habeas corpus). On April 3, 1996, petitioners filed a supplemental habeas corpus petition challenging the extradition for the State's failure to show that they had violated their terms of bail, probation, or parole. See 13 V.S.A. § 4943(a). The trial court denied both petitions.

On appeal, petitioners raise two new arguments. First, they claim that the

governor's warrants fail to meet the requirement of 13 V.S.A. § 4943(b) that the demanding jurisdiction establish that petitioners were "lawfully charged by indictment found or by information filed by a prosecuting officer and supported by affidavit to the facts . . . with having committed a crime under the laws of that state." Petitioners argue that the supporting documents include an indictment but no supporting affidavits to the facts, as required by § 4943(b). We disagree.

As provisions in the Uniform Criminal Extradition Act, 13 V.S.A. § 4943(a) & (b) provide the bases for the issuance of an extradition warrant and must be read together. *In re Graziani*, 156 Vt. 278, 280, 591 A.2d 91, 93 (1991). Section 4943(a) requires that a demand for extradition be "accompanied by a copy of an indictment found or by an information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate therein." That subsection clearly shows that the phrase "supported by affidavit" modifies only the term "information." Read in pari materia, the provisions do not support petitioners' statutory construction.

Moreover, in interpreting the same provision, other states have rejected petitioners' construction. E.g., *State v. Jackson*, 502 P.2d 1106, 1108 (Colo. 1972) (affidavit not required when charge made by grand jury indictment); *Sawyer v. State*, 382 A.2d 1039, 1042 (Me. 1978) (phrase "supported by affidavit" modifies "information" only). Supporting affidavits to show probable cause are required only in the absence of an indictment. See *Sawyer*, 382 A.2d at 1043 (requiring demanding state to furnish affidavits with indictment would force demanding state to make unnecessary double showing of probable cause).

Next, petitioners claim that their detainment by the State of Vermont and the proposed rendition are illegal because the State violated the requirement of 12 V.S.A. § 3964 that it file a return documenting its right to custody of petitioner "with a copy of the writ, warrant or other process, if any, upon which [they were] detained." They argue that the State's failure to adhere to this procedural requirement requires releasing them from custody.

Petitioners' claim, however, is being raised for the first time on appeal, and therefore must be subject to the plain error standard of review. *State v. Plante*, 164 Vt. 350, 356, 668 A.2d 674, 678 (1995). There is no dispute over the basis of petitioners' incarceration in Vermont or their status as fugitives from justice from the State of Maine, as stated in the governor's warrants and their supporting documents. Petitioners do not dispute that they were served with the governor's warrants. In fact, as a condition precedent to filing a habeas corpus petition, petitioners were required to attach to their complaint a copy of the governor's warrant underlying the detention. The governor's warrants and supporting documents have been filed with the trial court, and petitioners make no allegation that the warrant or supporting documents are fraudulent or forged.

Petitioners have failed to establish a defect of a kind and magnitude sufficient to defeat extradition. See *In re Mears*, 124 Vt. 131, 136, 198 A.2d 27, 31 (1964). There is no plain error. See *Plante*, 164 Vt. at 356, 668 A.2d at 678 (plain error only where error results in manifest injustice); cf. *McFarland v. Carson*, 504 So. 2d 429, 430 (Fla. Dist. Ct. App. 1987) (state's failure to introduce into evidence copy of governor's warrant not reversible error where supporting documents admitted and defendant failed to raise objection below).

*Affirmed. The mandate shall issue forthwith.*