ACCEPTED
14-15-00618-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/28/2015 5:37:08 PM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00618-CR**

_____

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/28/2015 5:37:08 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FOURTEENTH SUPREME JUDICIAL DISTRICT
HOUSTON, TEXAS

_____

EX PARTE ROBERT CLARK RHODES,

Appellant

_____

Appeal from the 400TH Judicial District Court
of Fort Bend County, Texas

_____

**BRIEF OF APPELLANT
ROBERT CLARK RHODES**

_____

James D. Pierce
1 Sugar Creek Center 1080
Sugar Land, TX 77478
713-650-0150
SBN 15994500
jim@jamespierce.com

David M. Medina
5300 Memorial Drive, Suite 890
Houston, TX 77007
713-256-3969
SBN 00000088
davidmedina@justicedavidmedina.com

Attorneys for Appellant
Robert Clark Rhodes

**Oral Argument Requested**

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all the parties and their attorneys:

Appellant: Robert Clark Rhodes

Appellee: State of Texas

Attorneys:
Mr. James D. Pierce
Texas Bar. No. 15994500
1 Sugarland Creek Center 1080
Sugar Land, Texas 77478
Tel: (713) 650-0150

Attorneys:
Mr. John Harrity. III
Assistant District Attorney Fort Bend County
309 South 4th Street, Suite 258
Richmond, Texas 77469

Mr. David M. Medina
Texas Bar No. 00000088
5300 Memorial Drive, Suite 890
Houston, Texas 77007
Telephone: 713-256-3969

Mr. Fred Felcman
Texas Bar No. 06881500
1422 Eugene Heimann Circle
Richmond, Texas 77469
Telephone: 281-341

Mr. Sam W. Dick
Texas Bar No. 05813600
1 Sugar Creek Center Boulevard, Suite 1045
Sugar Land, Texas 77478-3661
Telephone: 281-242-5555

Mr. Terry W. Yates
Texas Bar No. 22142600
6750 West Loop South, Suite 845
Bellaire, Texas 77401
Telephone: 713-861-3100

## **REQUEST FOR ORAL ARGUMENT**

Appellant respectfully requests oral argument. Appellant believes that oral argument will aid the court because this case presents unique issues of law and fact which are not often litigated in the courts of appeals. Further, the case raises serious Constitutional and Due Process concerns involving the procedure to be followed when another state is seeking to extradite a resident of the State of Texas without a satisfactory showing that he is the person wanted in that state or that he committed a crime there.

# TABLE OF CONTENTS

Identity of Parties and Counsel. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

Request for Oral Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Index of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Case. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Argument & Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

  Scope of Habeas Corpus Inquiry . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

  Jurisdiction over Acts Occurring Outside Requesting State . . . . . . . . . . . 10

  Identity Affidavit is Insufficient and the Failure to Allow . . . . . . . . . . . 15
  Cross Examination Violates Confrontation and Due Process

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Appendix

Application for Writ of Habeas Corpus filed June 19, 2015

State's Answer to Defendant's Writ of Habeas Corpus filed July 16, 2015

<u>INDEX OF AUTHORITIES</u>

**Cases:**

*Crawford v. Washington,* 541 U.S. 36 (2004). . . . . . . . . . . . . . . . . . . . . 2, 8, 17, 18

*Deur v. Newaygo Sheriff,* 420 Mich. 440, 362 N.W.2d 698 (1985). . . . . . . 7, 12, 13

*Ex parte Cheatham,* 95 S.W. 1077 (Tex. Crim. App. 1906). . . . . . . . . . . 7, 9, 10, 16

*Ex Parte Jowell,* 223 S.W. 456 (Tex. Crim. App. 1920). . . . . . . . . . . . . . . . . . .7, 9

*Ex parte King,* 236 S.W.2d 806, 807 (Tex. Crim. App. 1951). . . . . . . . . . . . 11, 12

*Hyatt v. People,* 188 U.S. 691 (1903). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*People v. Blume,* 443 Mich 476, 505 N.W.2d 843 (Mich. 1993) . . . . . . . . . . . . . 12

*Simpson v. State,* 17 S.E. 984, 92 Ga. 41 (Ga. 1893) . . . . . . . . . . . . . . . . . . . . . 13

*State v. Palermo*, 579 P.2d 718, 720 (Kan. 1978) . . . . . . . . . . . . . . . . . . . . . . . 13

*Strassheim v. Daily,* 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735 (1911) . . . 7, 13, 14

**Statutes and Rules:**

Texas Code of Criminal Procedure Article 51.04  . . . . . . . . . . . . . . . . . . . . . . . 2, 11

Texas Code of Criminal Procedure Article 51.13, Section 6 . . . . . . . . . . . 2, 12, 15

Texas Code of Criminal Procedure Article 51.13, Section 10 . . . . . . . . . . . . . . 7

**United States Constitution:**

Article IV, Section 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Article III, Section 2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Sixth Amendment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2, 7, 14, 16

# STATEMENT OF THE CASE

Appellant Robert Clark Rhodes, applicant in the court below, appeals from the denial of a writ of habeas corpus. A hearing was held on Appellant's writ in trial court cause number 15-DCR-068818 in the 400th Judicial District Court of Fort Bend County, Texas, the Honorable Maggie Jaramillo, presiding, (CR. Supp. at p. 4). The writ concerns a Texas Governor's Warrant based upon a request from the State of Iowa to extradite Appellant. (CR. 161-62; RR Vol. 1 Supp). [1]

---

[1]. The record on appeal consists of a one volume Clerk's Record and Supplement (CR. and CR-Supp.) and a two volume Reporter's Record and Supplement (RR. and RR- Supp.).

1

# ISSUES PRESENTED

1) The Texas Governor's warrant did not meet the requisites of Article 51.04 of the Texas Code of Criminal Procedure, and neither the affidavit and complaint nor the evidence presented at the hearing showed that Appellant committed an act "intentionally resulting in a crime" in the demanding state. Did the trial court err in failing to grant habeas relief where the Governor's Warrant failed to meet the requisites of Articles 51.04 and 51.13 § 6 of the Texas Code of Criminal Procedure?

2) Appellant filed a verified challenge to the jurisdiction of the demanding state, and provided evidence that Appellant was not in the demanding state. Did the trial court err in failing to consider territorial and Due Process challenges to the jurisdiction of the demanding state?

3) The Iowa Assistant Attorney General utilized Fort Bend County jail records and summarily argued that this was the person wanted in Iowa. The affidavit also conflicted with the description made in the complaint. Did the trial court err in failing to grant habeas relief where the State's affidavit did not sufficiently identify the Appellant and failed to provide the basis for personal knowledge?

4) Appellant, Robert Rhodes, was not allowed to confront the witness (the Iowa Assistant Attorney General) who provided conclusory testimony that was inconsistent with the complaint and affidavit, but was utilized to secure a Texas governor's warrant. Was Appellants' Sixth Amendment right of confrontation violated in contravention of *Crawford v. Washington,* 541 U.S. 36, 68 (2004)?

## STATEMENT OF FACTS

Appellant is a resident of Sugar Land, Texas. (RR Vol. 2 at p. 34). He sought a writ of habeas corpus challenging a Texas Governor's Warrant issued at the request of the State of Iowa. The warrant was issued based upon a muddled complaint and affidavit and a conclusory "affidavit of identifying witness" from the prosecutor in Iowa.

The complaint alleges that in 2011, Robert Sonfield, a Houston attorney, informed Philip Johnston of Canada that Sonfield "represented a client who had a legitimate claim to the lottery but wanted to remain anonymous." (RR. Supp at p. 18). The complaint alleges that Sonfield and Rhodes, "who at all relevant times have been residents of Houston, Texas, request[ed] Johnston's assistance with claiming the ticket." (Id.). It alleges that in November of 2011, Johnston contacted the lottery and first claimed to be the winner of the ticket, but later claimed to be representing an "anonymous party." (Id.). The complaint also alleges that in December of 2011, Crawford Shaw as trustee for Hexham Investments Ltd., presented a claim and the winning lottery ticket to the Iowa Lottery Commission. (Id.). Johnston was listed as the Trustor/President of Hexham Investments Ltd. (Id.). The complaint alleges that the lottery refused to pay the claim because the anonymous client was not identified. (Id.).

3

The complaint states that the "purchase [of the lottery ticket] was captured and recorded with video and audio surveillance." (Id.). It alleges that MUSL (Multi-State Lottery Association) received a "tip that the individual in the video is the defendant, Eddie Tipton."  It further alleges "the defendant is the Director of Security for MUSL and lives in Iowa." (Id.).

An affidavit of identifying witness was provided by Robert Sand, a prosecutor in Iowa. (RR Supp. at p. 11).  He simply stated  that, "I have looked at the booking photograph of Rhodes from when recently he was arrested in Fort Bend County, Texas, and the person in that photograph is the same Robert Rhodes that has been charged with 2 counts of Fraud in the State of Iowa." (RR. Supp. at p. 11). There is no explanation as to how the prosecuting attorney in Iowa is able to identify the accused or that he has personal knowledge of the facts alleged.  He fails to state that he reviewed any documents or fingerprints related to the investigation in Iowa, or spoke with any witnesses from Iowa.

In fact, the investigators in Iowa had little to no information concerning the Appellant. In a deposition taken in Iowa in another matter, the officer who supplied the affidavit for the complaint testified in a deposition:

> "What is it that you believe Mr. Rhodes did to commit the
> crime he's charged with?"
> [Officer Don Smith] Answer: "I can't advise you."

4

(RR Vol. 2 at p 60).

> "All right. Do you have any information that he was fleeing the State of Iowa or fled here or was trying to avoid prosecution here?"
>
> Answer: "No."

(Id.)

> "Do you have any evidence that Mr. Rhodes had any contact with Mr. Johnston?"
> Answer: "Standby. That would be a question for Special Agent Matt Anderson."
> Question: "All right. Nothing that you developed would show that; is that correct?"
> "Correct."

(RR Vol. 2 at p. 61).

Neither the prosecutor Robert Sands or Agents Smith or Anderson appeared in Texas to testify at the extradition hearing. There was no opportunity to cross-examine or confront these witnesses for purposes of establishing the identity of the accused or the jurisdiction of the Iowa courts. The testimony was uncontroverted that Appellant has never done business in Iowa and, other than having friends who reside there, has no contacts with the State of Iowa. (RR Vol 2 at p. 65).

During the hearing on the verified writ of habeas corpus, the Fort Bend County prosecutor argued that Appellant could not challenge a governor's warrant on the grounds that the requesting state lacked personal or territorial jurisdiction

5

over the accused. The prosecutor also argued that it did not matter whether the Appellant was the person described in the complaint, but rather only whether the Appellant was the person the Iowa prosecutor wanted. [1] A verified writ of habeas corpus was filed challenging territorial jurisdiction and evidence was offered that the complaint and supporting affidavit did not sufficiently identify the Appellant. (RR Supp. 17-18). The trial court determined that the[2] sufficiency of the governor's warrant was not an issue that could be challenged by writ of habeas corpus. (RR. Supp. 4). Specifically, the court stated that she could not examine the jurisdiction of the forum state, or the quality of the identification affidavit. (Id.).

---

2. In this case, the Iowa prosecutor stated he wanted the person who was arrested on a contested fugitive warrant and booked in the Fort Bend County Jail, and the complaint described the defendant in various ways, *i.e.*, a resident of Houston and a resident of Iowa.

3. "The only issue that should be before the Court once a Governor's Warrant has been issued -- you got to understand, a governor asks another governor, 'I want this person in your state to be extradited for a crime over here.'"(RR Vol. 2 at p. 9). "[B]ut I'm going to object every time he wants you to go behind the warrant..." "THE COURT: I sustained your objection." (RR Vo. 2 at p. 24).

Extradition under the Uniform Extradition Act and the United States Constitution is not perfunctory. An accused who is sought by extradition in a demanding state for actions occurring outside the demanding state has the right to challenge the "legality of his arrest." Tex. Code Crim. Art. 51.13 § 10; *Ex Parte Jowell,* 223 S.W. 456, 457 (Tex. Crim. App. 1920). The courts of the demanding state only have jurisdiction for acts committed in the demanding state or for acts outside the demanding state that intentionally result in a crime in the demanding state. Tex. Code Crim. Art. 51.13 § 6; *Deur v. Newaygo Sheriff*, 420 Mich. 440, 446 362 N.W.2d 698, 701 (Mich 1985); *Strassheim v. Daily,* 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735 (1911). *Strassheim* sets the standard for limits of extra-territorial jurisdiction under the United States Constitution. U.S. Const. Article III Section 2; U.S. Const. Amendment 6.

In addition, the identity affidavit is wholly insufficient. *Ex parte Cheatham*, 95 S.W. 1077, 1079 (Tex. Crim. App. 1906). It is not evidence of anything other than the person who was arrested in Texas is the person arrested in Texas. (RR. Supp. at p. 11). The witness does not explain his conclusion or the basis of his conclusion. Further, the complaint and supporting affidavit describe the accused as a resident of Houston, a person named "Eddie Tipton," leading to contradictions on

the face of the warrant. (RR. Supp at p. 18). Appellant was denied his constitutional right to test the contradictions by cross-examination. *See Crawford v. Washington,* 541 U.S. 36, 68 (2004).

## ARGUMENT & AUTHORITIES

I.    *Scope of Habeas Corpus Inquiry*

"The courts have jurisdiction to interfere by writ of habeas corpus, and to examine the grounds upon which an executive warrant for the apprehension of an alleged fugitive from justice from another state is issued, and, in case the papers are defective and insufficient, to discharge the prisoner." *Hyatt v. People,* 188 U.S. 691, 710 (1903). Since the procedures to obtain a governor's warrant are summary and *ex parte*, the courts may look to parol evidence to rebut the accusations in the writ. *Ex Parte Jowell*, 223 S.W. 456, 457 (Tex. Crim. App. 1920). "It is not an open question as to the authority of courts of this state to go behind the executive warrant, in order to examine and review the grounds upon which the Governor may have issued his extradition warrant." *Id.,* (quoting, *Ex parte Cheatham,* 95 S.W. 1077, 1079 (Tex. Crim. App. 1906). As stated in *Cheatham:*

> On the other hand, the liberty of the citizen is involved, and the provisions of law which Congress has erected for his safeguard should be respected and complied with. These provisions are intended for the protection of the citizen against undue arrest and extradition, and the writ of habeas corpus is provided in order to protect the humblest as well as the highest in his or her rights and privileges. We hold, in this case, that the law has not been complied with.

*Ex parte Cheatham,* 95 S.W. at 1081 (finding that affidavits supporting a Texas

9

Governor's Warrant made on information and belief insufficient). Additionally, *Cheatham* states that the courts are **required** to determine whether the requesting state has jurisdiction over the person and the act.

> A man cannot be legally charged with crime when there is no jurisdiction to try him. The fact that he is so legally charged means that he is charged by an authority having a right to try him. The right to try means jurisdiction over the place where the crime has been committed, and over the person who commits it.

*Id.* at 1081. It is this very inquiry that the prosecutor maintained was not permitted, arguing that Appellant could not go "behind" the warrant. The trial court erred in determining that it was not permitted to look beyond the recitations in the Texas Governor's Warrant and in finding it had no authority to make further inquiry. (RR. Supp. at p. 4). The trial court's failure amounted in a denial of Appellant's right to Due Process.

## II. *Jurisdiction over Acts Occurring Outside the Requesting State*

Traditionally, Article IV, Section 2 of the United States Constitution required the demanding state to demonstrate the accused's fugitive status by showing that he or she was actually present at the time of the offense and subsequently fled. *Hyatt v. People,* 188 U.S. 691, 711-12 (1903). The Constitutional rule became

10

incorporated in Article 51.01 of the Texas Code of Criminal Procedure:

> Art. 51.01. DELIVERED UP. A person in any other State of the United States charged with treason or any felony who shall flee from justice and be found in this State, shall on demand of the executive authority of the State from which he fled, be delivered up, to be removed to the State having jurisdiction of the crime.

Article 51.04 of the Texas Code of Criminal Procedure requires five elements be set forth in the complaint:

> 1. The name of the person accused;
>
> 2. The State from which he has fled;
>
> 3. The offense committed by the accused;
>
> 4. That he has fled to this State from the State where the offense was committed; and
>
> 5. That the act alleged to have been committed by the accused is a violation of the penal law of the State from which he fled.

The requirement that the accused fled from the State where the offense was committed was clearly stated in *Ex parte King,* 236 S.W.2d 806, 807 (Tex. Crim. App. 1951):

> Though the charge of neglect and failure to support a child is of a continuous nature, the state having alleged the offense to have been committed on the specific date of September 25, 1950, and it being undisputed that appellant was not then, and had not been for several

11

months prior thereto, in the State of Oklahoma, appellant could not be said to have fled from the State of Oklahoma and is not therefore a fugitive from justice.

*Id.* Subsequent to *Ex parte King*, in 1965, the Texas legislature adopted the Uniform Criminal Extradition Act, codified in the Texas Code of Criminal Procedure. Article 51.13, Section 6 provides for the extradition for certain offenses committed outside of the requesting state but only for actions "intentionally resulting in a crime" in the requesting state. Tex. Code Crim. P. Art. 51.13 Section 6. A negligent action or any action which does not "intentionally result in a crime," is not subject to extradition under the Uniform Act. *Deur v. Newaygo Sheriff*, 420 Mich. 440, 446 362 N.W.2d 698, 701 (Mich 1985); *People v. Blume,* 443 Mich 476, 477, 505 N.W.2d 843, 844 (Mich. 1993)(extraterritorial jurisdiction over acts committed outside the state exist only for acts intended to and do have a detrimental effect within the state). The burden of demonstrating the territorial jurisdiction of the requesting state rests with the prosecution. *Blume,* 505 N.W.2d at p. 849. The Uniform Criminal Extradition Act's language for permitting extradition for intentional activities committed outside of the requesting state but having a detrimental effect on the requesting state was derived from the Supreme Court's opinion in *Strassheim v. Daily,* 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735 (1911); *see Newaygo Sheriff,* 362 N.W.2d at 702.

12

*Strassheim* addressed the matter as one of the power of the state or within the state's jurisdiction.

> Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect if the state should **succeed in getting him within its power**.

*Strassheim,* 221 U.S. at 285. *See also, Simpson v. State,* 17 S.E. 984, 92 Ga. 41 (Ga. 1893)(discussing "jurisdiction" over acts that occurred outside of the charging state.)

> A state does not have jurisdiction over an individual for a crime committed within that state when he was located outside the state, did not intend to commit a crime within the state, and could not reasonably foresee that his act would cause, aid or abet in the commission of a crime within that state.

*State v. Palermo*, 579 P.2d 718, 720 (Kan. 1978)(*citing Strassheim v. Daily,* 221 U.S. 280, 31 S.Ct. 558, 55 L.Ed. 735 (1911). Territorial Jurisdiction is embodied in Article III Section 2 of the United States Constitution:

> The trial of all crimes, except in cases of impeachment, shall be by jury; and such trial shall be held in the state where the said crimes shall have been committed…

It is also embedded in the Sixth Amendment to the United States Constitution:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of

13

the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law.

In the present case, Appellant offered evidence that the officer who signed the affidavit did not know what criminal actions were taken by the individual referenced in his affidavit:

> What is it that you believe Mr. Rhodes did to commit the crime he's charged with?"
> [Officer Don Smith] Answer: "I can't advise you."

(RR Vol. 2 at p. 60). Testimony was also offered that Appellant was not in Iowa and that neither Appellant nor the individual referred to as Rhodes in the complaint fled the State of Iowa:

> "All right. Do you have any information that he was fleeing the State of Iowa or fled here or was trying to avoid prosecution here?"
> Answer: "No."

(Id.). The affidavit in support of the complaint does not state an act done by the individual identified as Rhodes in Iowa, or any activity that a person could "reasonably foresee that his act would cause, aid or abet in the commission of a crime within that state." *Strassheim,* 221 U.S. at 285.

The court erred when it determined it could not go beyond the bare allegations in the governor's warrant to determine whether the Iowa court had

14

jurisdiction and whether Appellant committed an act "intentionally resulting in a crime" in the requesting state. (RR. Supp. at p. 4). Tex. Code Crim. P. Art. 51.13 Section 6. Accordingly, the evidence presented at the hearing fails to satisfy the requirements of the Texas Code of Criminal Procedure and the trial court erred in failing to grant habeas relief.

### III. *Identity Affidavit is Insufficient and the Failure to Allow Cross Examination Violates Confrontation and Due Process*

The affidavit of identifying witness was signed by Robert Sand, the prosecuting attorney with the Iowa attorney general's office. (RR. Supp. at p. 11). Sand stated, "I have looked at the booking photograph of Rhodes from when recently he was arrested in Fort Bend County, Texas, and the person in that photograph is the same Robert Rhodes that has been charged with 2 counts of Fraud in the State of Iowa." (RR. Supp. at p. 11). The prosecutor from Iowa does not state that he that he has personal knowledge as to the identity of the Appellant, that he knows Appellant, has ever seen a photo of the Appellant in Iowa or that Appellant was ever identified in Iowa as being a party to the offense alleged. The prosecuting attorney simply ordered copies of photos and fingerprints from the Fort Bend County Texas Sheriff's office and used those for "identification." He fails to state

15

that he reviewed any documents or fingerprints related to the investigation in Iowa, or spoke with any witnesses from Iowa. In short, Sands concluded without basis in fact that Appellant was the person wanted for fraud in Iowa.

The Texas Court of Criminal Appeals has found identity affidavits based upon information and belief to be insufficient:

> Now, the question is made as to this: First, that it was made on information and belief, and not directly predicated upon facts within the knowledge of the affiant, Robert L. Hubbard. An inspection of the paper shows such to be the case; that is, that the affidavit was made on information and belief only. We hold that this was not sufficient.

*Ex parte Cheatham*, 95 S.W. at 1080. The complaint and affidavit identifies Rhodes as a resident of Houston, Texas, or in other parts identifies a person or defendant named "Eddie Tipton." (RR Supp. at p. 17). It is undisputed that Appellant has never been a resident of Houston, but has always resided in Sugar Land, Texas. At a minimum, the Confrontation Clause of the Sixth Amendment entitled Appellant to cross examine the Iowa Assistant Attorney General Sands about the basis of his statements, and for an explanation of the discrepancies. *Crawford v. Washington,* 541 U.S. 36, 68 (2004). Appellant was denied the opportunity to do so.

In determining the constitutional requirement for cross-examination, the Supreme Court stated:

The Constitution prescribes a procedure for determining the reliability of testimony in criminal trials, and we, no less than the state courts, lack authority to replace it with one of our own devising.

We have no doubt that the courts below were acting in utmost good faith when they found reliability. The Framers, however, would not have been content to indulge this assumption. They knew that judges, like other government officers, could not always be trusted to safeguard the rights of the people; the likes of the dread Lord Jeffreys were not yet too distant a memory. They were loath to leave too much discretion in judicial hands. Cf. U.S. Const., Amdt. 6 (criminal jury trial); Amdt. 7 (civil jury trial); Ring v. Arizona, 536 U.S. 584, 611-612 (2002) (SCALIA, J., concurring). By replacing categorical constitutional guarantees with open-ended balancing tests, we do violence to their design. Vague standards are manipulable, and, while that might be a small concern in run-of-the-mill assault prosecutions like this one, the Framers had an eye toward politically charged cases like Raleigh's -- great state trials where the impartiality of even those at the highest levels of the judiciary might not be so clear. It is difficult to imagine Roberts' providing any meaningful protection in those circumstances.

* * * *

Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law -- as does Roberts, and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether. Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior

17

opportunity for cross-examination.

Permitting and affidavit from a witness (Sands), who clearly lacks personal knowledge, on a showing that such testimony was inconsistent and conclusory violates Due Process and the right to confrontation. *Crawford v. Washington,* 541 U.S. 36, 68 (2004). Accordingly, the trial court erred by refusing to allow further examination or inquiry as to the basis of the witness's knowledge. Further, because the affidavit of the identifying witness was insufficient to identify Appellant as the person wanted for a crime in the State of Iowa, the trial court erred in refusing to grant relief on Appellant's writ of habeas corpus.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that the Court reverse and render that Appellant's writ of habeas corpus be granted, or

alternatively remand for a new trial and/or hearing, and for such other and further relief as is just.

Respectfully submitted,

/S/James D. Pierce
James D. Pierce
Texas Bar No. 15994500
1 Sugar Creek Center Suite 1080
Sugar Land, TX 77478
(713) 650-0150
jim@jamespierce.com

/S/David M. Medina
David M. Medina
SBN 00000088
5300 Memorial Drive, Suite 890
Houston, TX 77007
713-256-3969
davidmedina@justicedavidmedina.com

ATTORNEYS FOR APPELLANT,
Robert Clark Rhodes

## CERTIFICATE OF COMPLAINCE

This is to certify that the forgoing brief contains 5080 words as defined in Texas Rule of Appellate Procedure 9.4(i)(1).

/S/James D. Pierce
James D Pierce


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing brief has been served on the below listed counsel of record this 28th day of October, 2015 through the Court's Electronic Filing System.

/S/James D. Pierce
James D. Pierce

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **400TH JUDICIAL DISTRICT** |
| | § | |
| **ROBERT CLARK RHODES II** | § | **FORT BEND COUNTY, TEXAS** |

## APPLICATION FOR WRIT OF HABEAS CORPUS

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Robert Clark Rhodes II, by and through attorney of record, and makes this Application for Writ of Habeas Corpus, and for good cause shows the following:

*Introduction*

1.      Robert Clark Rhodes II, Applicant, is illegally confined and restrained of liberty pursuant to a governor's warrant. A copy of the Governor's Warrant is attached as Exhibit "A." The State of Iowa lacks personal jurisdiction over Applicant, as Applicant lacks sufficient contact with the State of Iowa to comport with Due Process of Law, and Applicant did not commit an act that intentionally resulted in a crime in Iowa. Deur v. Newaygo Sheriff, 420 Mich. 440, 362 N.W.2d 698, ___, 448(Mich 1985) .

*Applicant not a Fugitive from Justice*

2.   Applicant is not a fugitive and took no action that resulted in a crime committed in the State of Iowa.  In a sworn deposition given after the complaint was signed, Don Smith (the person signing the complaint and affidavit) admitted he did not know what Applicant "did to commit the crime" and did not "have any information that [Rhodes] was fleeing the state of Iowa or fled to [Texas] or was trying to avoid prosecution in [Iowa]."   The exercise of jurisdiction by Iowa violates Due Process as Applicant lacks minimum contacts with the State of Iowa.  The State of Iowa lacks *in persona jurisdiction* and territorial jurisdiction over the Applicant.  Ex parte King, 236 S.W.2d 806, 807 (Tex. Crim.App.1951); Deur v. Newaygo Sheriff, 420 Mich. 440, 362 N.W.2d 698, ___, 448(Mich 1985) .   Since the Iowa Court lacks jurisdiction over Applicant's person, and Applicant did no intentional act that resulted in a crime in Iowa, Applicant must be discharged.

*Applicant Not Accused of a Crime in Iowa or Statute is Void or Void as Applied*

3. The Texas Court of Criminal Appeals has stated:

> An essential ingredient of an extradition request is that the accusing instrument supporting it "must substantially charge the person

demanded with having committed a crime under the law" of the demanding state.

Contreras v. State, 587 S.W.2d 723, 724, (Tex. Crim. App. 1979). As pointed out above, the two charges that were approved by the Iowa Attorney General in the complaint were Iowa Code Section 99G.36(1) and 99G.26(2). 99G.26(2) is not a criminal statute. 99G.36(1) pertains to "falsely makes, alters, forges, utters, passes, redeems, or counterfeits a lottery ticket." The affidavit by Don Smith makes no allegation that the Applicant mentioned in the complaint undertook any such act. It makes claims that an attorney Crawford Shaw through a Hexham Investment (not alleged to be associated with Applicant but with Crawford Shaw as Trustee and Phillip Johnston as Trustor) presented a ticket to the lottery, but refused to provide the identity of the purchaser, and that the claim was not paid or ever paid. Therefore, as a matter of law, the complaint fails to state a claim under 99G.36(1). In the event the facts set forth in the complaint state a violation of 99G.36(1), the statute is unconstitutionally vague. Accordingly, even if it is demonstrated that Applicant is the same person as in the complaint, extradition is improper.

### *Complaint on its Face is Barred by Limitations*

4. The statute of limitations for class D felonies is three years. Iowa Code Chapter 802, Section 802.3. The complaint itself is dated March 12, 2015. The date of offense is alleged to have occurred from December 23, 2010 to January 17, 2012. On the face of the complaint limitations has run.

5. Applicant objects to the testimony of any witnesses unless given the opportunity to confront and cross examine, as per Crawford v. Washington, 541 U.S. 36 (2004).

**WHEREFORE, PREMISES CONSIDERED,** Applicant prays that the Court grant and issue a Writ of Habeas Corpus vacating the Governor's warrant and releasing Robert Clark Rhodes II instanter.

Respectfully submitted,

James D. Pierce (15994500)
1 Sugar Creek Center Suite 1080
Sugar Land, TX 77478
*(713) 650-0150 office*
*(713) 650-0146 facsimile*

Sam W. Dick(45813600)
1 Sugar Creek Center Suite 1045
Sugar Land, TX 77478
281-242-5555 office
281-491- 4518 facsimile
ATTORNEYS FOR APPLICANT

# VERIFICATION

THE STATE OF TEXAS       §
                                       §

COUNTY OF FORT BEND       §

        BEFORE ME, the undersigned authority, on this day personally appeared James D. Pierce and am authorized to make this statement that the foregoing factual allegations are true and correct.

_____
James D. Pierce

        **SUBSCRIBED AND SWORN TO BEFORE ME** on the ___18th___ day of ,June,

2015 to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

REBECCA COOK
Notary Public, State of Texas
My Commission Expires
**July 14, 2016**

Commission expires: July 14, 2016



June 10, 2015          14-70195

Sheriff Troy E. Nehls
Fort Bend County Sheriff's Office
Fugitive Warrants
1410 Williams Way
Richmond, Texas  77469

Re:  Extradition of **ROBERT C. RHODES aka ROBERT CLARK RHODES, II**

Dear Sheriff Nehls:

At the direction of Governor Greg Abbott, I am forwarding the governor's extradition warrant and related papers in the case of the above-named subject.  Pursuant to the provisions of article 51.13, Texas Code of Criminal Procedure, you must execute this warrant as soon as possible, however, please contact your District Attorney's office prior to service of the Governor's warrant to ensure this defendant does not have any outstanding local criminal charges that may need to be disposed of prior to extradition procedures.

After the warrant has been served, the defendant must be taken before a judge of a court of record in this state who shall inform the defendant of the demand made for his extradition, the crime with which he is charged, and the right to demand and procure counsel.  Failure to take a defendant before a judge prior to removal from Texas jurisdiction is subject to penal sanctions.  The Uniform Criminal Extradition Act precludes the granting of bail once the defendant is arrested on the Governor's warrant.

**Should the defendant file a writ of habeas corpus or disposition of a local charge delay action on this warrant, please notify this office as well as the demanding agency of any scheduled court dates, updates, or delays in the extradition process.**

When all statutory requirements have been complied with and the defendant is available to transfer to the demanding state, please contact the following individual to arrange transportation, and **return all documents this office for filing** once the defendant has been released to the agent(s).

Special Agent Don Smith, I-173
**Iowa Department of Public Safety**
**Division of Criminal Investigation**
1 Prairie Meadows Drive
Altoona, Iowa 50009
OFF: (515) 967-1257
FAX: (515) 967-1278

Sincerely,

Lucy Villarreal, (512) 463-1788
Extradition Coordinator

Exhibit "A"

cc:  Rebecca "Becky" Elming, Legal Assistant, (515) 281-3502
Special Agent Don Smith



# THE STATE OF TEXAS
## EXECUTIVE DEPARTMENT

**TO ALL SHERIFFS AND OTHER PEACE OFFICERS OF THIS STATE:**

**WHEREAS** it has been represented to me by the Governor of the State of **IOWA**, that **ROBERT C. RHODES aka ROBERT CLARK RHODES, II**, fugitive, stands **charged** with the crimes of **FRAUD (TWO COUNTS),** committed in said State, and that he fled from the justice of that State, and has taken refuge in the State of Texas, and the said Governor of **IOWA** having, in pursuance of the Constitution and laws of the United States and of the State of Texas, demanded of me that I shall cause the said fugitive to be arrested and delivered to **SPECIAL AGENT DON SMITH OF THE IOWA DIVISION OF CRIMINAL INVESTIGATION, AND/OR A DESIGNEE OF POLK COUNTY** hereby authorized to receive into custody and convey the fugitive back to said State; and

**WHEREAS** the said representation and demand is accompanied by a copy of the **COMPLAINT, AFFIDAVIT AND WARRANT,** certified by the Governor of said State to be authentic, whereby the said fugitive is charged with said crime.

**THEREFORE, I, Greg Abbott,** Governor of Texas, by this warrant command you to arrest and secure the said fugitive, wherever he may be found within this State, and to deliver said fugitive into the custody of said agent(s), to be taken back to said State from which he fled, pursuant to the said requisition, there to be dealt with according to law.

**IN TESTIMONY WHEREOF,** I have hereunto signed my name and caused to be affixed the Great Seal of State, at Austin, this ___*10th*___ day of ___*June*___, A.D. 2015.



**JAMES D. BLACKLOCK**
AUTHENTICATING OFFICER FOR
GOVERNOR GREG ABBOTT*

By the Governor:

**CARLOS H. CASCOS**
SECRETARY OF STATE

*Delegation of the Governor's signature authority, pursuant to Article 2.24 of the Texas Code of Criminal Procedure, is on file with the Secretary of State's Office.

# Executive Department



## The Governor of the State of Iowa
## to His Excellency, the Governor of Texas

WHEREAS, it appears by the annexed papers which I certify to be authentic and duly authenticated in accordance with the laws of this State, the Robert C. Rhodes stands charged with the crimes of Fraud, in violation of Iowa Code section 996.36 (1) and Fraud in violation of Iowa Code section 99G.36 (2); committed in the State of Iowa, and is now a fugitive from justice, known to be in or around the City of Sugarland, County of Fort Bend, State of Texas.

NOW THEREFORE, pursuant to the provisions of the constitution and the laws of the United States, I do hereby request that the said Robert C. Rhodes, be apprehended and delivered to Special Agent Don Smith of the Iowa Division of Criminal Investigation, or a designee, who are hereby authorized to receive and convey Robert C. Rhodes to the State of Iowa, there to be dealt with according to law.

IN WITNESS WHEREOF, I have hereunto signed my name and affixed The Great Seal of the State of Iowa at the Capitol, in the City of Des Moines, this 15th day of May in the year of our Lord two thousand fifteen.

_____
Terry E. Branstad, Governor

_____
Paul D. Pate, Secretary of State

# Executive Department



## THE GOVERNOR OF THE STATE OF IOWA
## TO THE HONORABLE GOVERNOR OF THE STATE OF TEXAS:

KNOW YE, that I, by presents, do authorize and empower Special Agent Don Smith of the Iowa Division of Criminal Investigation, or a designee, to take and receive Robert C. Rhodes from the proper authorities of the State of Texas, County of Fort Bend, in or around the City of Sugarland, and convey him to the proper authorities from the Iowa Division of Criminal Investigation, there to be dealt with according to law.



IN WITNESS WHEREOF, I have hereunto signed my name and affixed The Great Seal of the State of Iowa at the Capitol, in the City of Des Moines, this 15th day of May in the year of our Lord two thousand fifteen.

_____
Terry E. Branstad, Governor

_____
Paul D. Pate, Secretary of State

## APPLICATION FOR REQUISITION

Name of fugitive: Robert C. Rhodes
State/County of Refuge:   Texas
Agency Making Application: Iowa Attorney General's Office
Official Making Application: Rob Sand
Phone Number: 515-281-5536

## APPLICATION FOR REQUISITION

To the Governor of the State of Iowa:

I HAVE THE HONOR HEREWITH TO MAKE APPLICATION for a requisition
upon the governor of the State of Texas for the arrest and rendition of Robert Rhodes who is
charged in this county and state with the commission of the following criminal offense(s):

**Fraud,** in violation of Iowa Code section 99G.36(1), and **Fraud,** in violation of Iowa Code
section 99G.36(2)

and who appears from the accompanying proof and particularly the attached affidavit
submitted herewith, is a fugitive from the justice of this state, and has taken refuge in the State of
Texas.

I HEREBY CERTIFY:

THAT  I have carefully examined the case, and believe that the facts stated in the
accompanying proof are true and that the fugitive is guilty of the crime(s) charged; that the ends
of public justice require that the fugitive be brought back to this state at public expense; that I
believe I have sufficient evidence to secure the fugitive's conviction; that the charge was
preferred and this application is made in good faith and not for the purpose of enforcing the
collection of any debt or for any private purpose, and that if the fugitive is returned to this state
the criminal proceedings will not be used for any of these purposes, but that it is my intention to
diligently prosecute the fugitive for the crime(s) charged.

THAT no other application has been made for a requisition for this fugitive growing
out of the transaction from which the charge herein originated.

THAT the fugitive is properly charged in accordance with the laws of this state; that
to the best of my belief the fugitive was personally and physically present in this state at the time
of the commission of the crime, and thereafter was found in the State of Texas, or that he was in
Texas, but committing an act intentionally resulting in a crime in Iowa; that the definition of the
aforesaid crime  of which the fugitive is charged, and the punishment therefor, as prescribed by
the laws of Iowa are as follows: both counts of Fraud are Class D felonies punishable under the
attached laws of the State of Iowa by five years in prison each.

THAT the fugitive is now under arrest in or around Sugarland, County of Fort Bend the State of Texas, having been arrested on March 20, 2015.

THAT in support of this application, I enclose true and correct copies of the

Complaint and Affidavit, Arrest Warrant, and Order Issuing Arrest Warrant

which allege the facts required to be established, along with the following additional documents:

Certified copies of Rhodes' booking photograph and fingerprints

all of which are authentic and properly authenticated in accordance with the laws of Iowa, and that the copies of the papers submitted herewith have been compared with each other and are in all respects exact counterparts of this application and accompanying documents.

I NOMINATE and propose the name of Special Agent Don Smith of the Iowa Division of Criminal Investigation and/or his/her designated authorized agent(s) for designation as agent of this state to return the fugitive and represent that he is a proper person for such designation; that he/she has no private interest in the arrest of the fugitive other than in the discharge of his duty as such officer.

DATED this 3rd day of June, 2015.

Respectfully submitted,

Robert Sand
Assistant Attorney General

STATE OF IOWA    )
                        ) ss.

County of Polk )

Robert Sand, being first duly sworn, deposes and says:

THAT he/she is the Assistant Attorney General with the office of The Attorney General of the State of Iowa; that he/she has read the attached application for requisition directed to the Governor of Iowa and knows and understands its contents; and that he/she is informed and believes and on such information and belief alleges, that the statements made in the application are true.

_____
Prosecuting attorney

Subscribed and sworn to me this _3rd_ day of June, 2015.

_Vicki A Bahe_
_____
Notary in and for the State of Iowa

My Commission Expires:
_10·16·17_

**Notarial Seal of Iowa**
Vicki A. Bahe
Commission No. 719067
My Commission Expires _10.16.17_

# AFFIDAVIT OF IDENTIFYING WITNESS

STATE OF IOWA    )
                     ) ss.
County of Polk )

I, Assistant Attorney General Robert Sand, being first duly sworn, depose and swear:

I am providing this affidavit in connection with the Extradition of Robert C. Rhodes to the State of Iowa, where Rhodes has been charged with 2 counts of Fraud. I have looked at the booking photograph of Rhodes from when recently he was arrested in Fort Bend County, Texas, and the person in that photograph is the same Robert Rhodes that has been charged with 2 counts of Fraud in the State of Iowa.

I have read the foregoing statement, and it is true and correct. I give the same upon my solemn oath fully realizing that false swearing is an offense under the laws of the State of Iowa.

_____
Prosecuting attorney

Subscribed and sworn to me this 3rd day of June, 2015.

Vicki A Bahe
_____
Notary in and for the State of Iowa

My Commission Expires:
10·16·17

*Notarial Seal of Iowa*
Vicki A. Bahe
Commission No. 719067
My Commission Expires 10·16·17

RN 000000000000

DATE OF ARREST (DOA) 03202015

NAME (LAST, FIRST, MIDDLE) (NAM)
RHODES    ROBERT    CLARK

| EYE | HAIR | SKIN TONE | SOCIAL SECURITY NO. (SOC) |
|---|---|---|---|
| BL | BR | OLV | 451476462 |

MISC. NO. (MNU) 34150321792

CITZ. US

DRIVER LICENSE NO. (OLN) 12680731

DPS NO. (SID)

DATE OF BIRTH (DOB) 06011968

PLACE OF BIRTH (POB) WA
FORT BEND COUNTY SHERIFF'S DEPARTMENT

FBI NO.

SEX M

RACE W

ETH.

HGT. 603

WGT. 240

CONTRIBUTOR ORI TX0790000

OUT OF COUNTY □ □ YES

OUT OF COUNTY ORI

OUT OF COUNTY WARRANT NO.

LEAVE BLANK

P196811

SCARS, MARKS, TATTOOS, AMPUTATIONS

CERTIFIED COPY
I, ____ DO HEREBY CERTIFY
THAT THE FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL DOCUMENT.

ID CARD NO. (IDN) STATE TYPE

ALIAS NAME(S) (AKA)
RHODES, ROBERT CLARK

615 LONGVIEW        SUGARLAND      TX      77478
ADDRESS                            CITY    STATE  ZIP

FIREARM CODE □

CHARGING AGENCY ORI
TXDPS5627

CHARGING AGENCY NAME

AGENCY ARREST NO. (AGN) P00196811

AGENCY CASE NO. (OCA) 1506419

WARRANT HOLDER ORI

TRS A001

GOC

DOMESTIC VIOLENCE OFFENSE? □ Y or N

OFFENSE CODE (AON) 26990146

STATUTE CITATION (CIT)

OFFENSE LITERAL (AOL)
CLAIM LOTTERY PRIZE FRAUD

PRINTED BY:

DATE OF OFFENSE (DOO)

VICTIM'S AGE (VIC)

LEVEL & DEGREE F2

FELONY (X,1,2,3 or S) □

MISDEMEANOR (A, B or C) □

Signature of person fingerprinted

1. R. THUMB

2. R. INDEX

3. R. MIDDLE

4. R. RING

5. R. LITTLE

L. THUMB

#3 4. L. INDEX 12:44:05

L. MIDDLE

L. RING #000000

TX0790000 2015 07 21-12:53

#34 0G4 4000



IN 00000000000

DATE OF ARREST (DOA) 03202015

DPS NO. (SID)

FBI NO.

CONTRIBUTOR ORI TXDPS0000

OUT OF COUNTY OF

OUT OF COUNTY? YES

OUT OF COUNTY WARRANT NO.

NAME (LAST, FIRST, MIDDLE) (NAM) RHODES, ROBERT CLARK

DATE OF BIRTH (DOB) 06011968

PLACE OF BIRTH (POB) WA

SEX M

RACE W

ETH. N

HGT. 603

WGT. 270

FORT BEND COUNTY SHERIFF'S DEPARTMENT
CERTIFIED COPY

EYE BL

HAIR BR

SKIN TONE OLV

SOCIAL SECURITY NO. (SOC) 45476462

SCARS, MARKS, TATTOOS, AMPUTATIONS (SMT)

I, Dept. Robert Roberts DO HEREBY CERTIFY
THAT THE FOREGOING IS A TRUE AND CORRECT
COPY OF THE ORIGINAL DOCUMENT

MISC. NO. (MNU) 34515032179Z

CITZ. US

DRIVER LICENSE NO. (OLN) 12680731

STATE TX

TYPE C

ID CARD NO. (IDN)

LICENSE NO.

STATE TX 77478

FIREARM CODE

LICENSE CERTIFICATION AND ISSUING AUTHORITY

ADDRESS 615 LONGVIEW

CITY SUGARLAND

STATE TX

ALIAS NAME(S) (AKA) RHODES, ROBERT CLARK

CHARGING AGENCY NAME

AGENCY ARREST NO. (AGN) P00196811

WARRANT HOLDER ORI P906419

CHARGING AGENCY ORI TXDPS5627

OFFENSE LITERAL (AOL) CLAIM LOTTERY PRIZE FRAUD

PRINTED BY:

DATE OF OFFENSE (DOO)

TRS A001

GOC

DOMESTIC VIOLENCE OFFENSE? Y or N

OFFENSE CODE (AON) 26990146

LEVEL & DEGREE F2

FELONY (X,1,2,3 or S)

MISDEMEANOR (A, B or C)

VICTIM'S AGE (VIC)

STATUTE CITATION (CIT)

Signature of person fingerprinted

1. R. THUMB

2. R. INDEX

3. R. MIDDLE

4. R. RING

5. R. LITTLE

2015-03-21-12:53

#000000

TXWARRING

L. LITTLE

L. RING

L. MIDDLE

#34. L. INDEX 12:44:05

L. THUMB 4000

L5ME0G4

# Fort Bend County Sheriff's Office
# CERTIFIED PHOTOS



NAME: RHODES ROBERT CLARK II
HEIGHT: 6-03
WEIGHT: 240
SEX: M
DOB: 6/1/1968

DATE PHOTO WAS OBTAINED: _3-21-2015_

DATE PHOTO WAS PRINTED OUT: _5-22-2015_

FORT BEND COUNTY SHERIFF'S OFFICE CERTIFIED PHOTO COPY

I _Deputy Rodney Hanley #488_ DO HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT.

_____
FORT BEND COUNTY DEPUTY/CORRECTIONAL OFFICER

FORT BEND COUNTY SHERIFF'S OFFICE
CERTIFIED COPY
1410 Williams Way
Richmond TX 77469
(281) 341-4735

# RHODES ROBERT CLARK II



JID
P00196811

Booking No      1506419

MNI
01319095

Height
6-03

Weight
240

Sex
M

Date of Birth
6/1/1968

Hair Color
BRO

Glasses

Eye Color
BLU

Facial Hair

Facial Hair Len

Race
W

Skin

Build



Click here to open document

Image Type: MugShot
Image Taken: 03/21/2015 12:39:00
View: Front

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| STATE OF IOWA, | |
| *Plaintiff*, | AGENCY CASE NO.: _____ |
| v. | AGENCY: ATTY. GEN. |
| **ROBERT CLARK RHODES II**. | |
| *Defendant*. | COUNTY ATTORNEY COMPLAINT REVIEW |

**COMES NOW** the undersigned Assistant Attorney General Robert Sand and states as follows:

I have read and reviewed the attached complaint and affidavit. I:

☒ *Approve* the charges of Fraud in violation of Iowa Code Section(s): 99G.36(1), 99G.26(2).

☐ A *No Contact Order* with the victim(s) of this crime is requested.

With regard to a bond amount, the State requests that:

☐ Bond be set according to the standard bond schedule.
☒ Bond be set in the amount of $500,000 & surrender of passport.
☒ Cash Only.
☐ Cash or Surety.
☐ 10% to the Court.
☐ The defendant be released on the defendant's own recognizance (O/R).

Based on the information currently available to me, I offer this additional information to the court / clerk:

☒ Other: Defendant believed to be flight risk due to recurring avoidance
☐ The defendant currently has other pending charges. of law enforcement in this matter
☐ The defendant has a relevant criminal history.
☐ This crime occurred in violation of a No Contact Order.
☐ The defendant is currently on probation.

**WHEREFORE** the State respectfully requests the Court find probable cause and allow the case to proceed under the circumstances set out above.

Respectfully submitted,
TOM J. MILLER by:

/s/ _____
Robert H. Sand
Assistant Atty General ATT0010489
Attorney General's Office
1305 E. Walnut, Des Moines, IA
(515) 281-5536
rob.sand@iowa.gov

CERTIFICATE
I, Randy Osborn, Clerk of the District Court of the State of Iowa, in and for Polk County, do hereby certify that this is a true and complete copy of the Original Instrument filed in this office.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said Court at my office in Des Moines, Iowa this ____ day of ____

RANDY OSBORN
Clerk of the District Court,
By _____ Deputy

## Polk County Complaint & Affidavit

| | |
|---|---|
| STATE OF IOWA, COUNTY OF | Polk |

STATE OF IOWA
Vs.
Robert Clark Rhodes II
<span style="font-size:small">Defendant</span>

Before (Judge, Magistrate) _____
Criminal Case No. _____
**COMPLAINT**

615 Longview Drive Sugar Land, TX 77478    Address    June 1, 1968    Birthdate

The defendant is accused of the crime of    Forgery, Iowa Code 99G. 36(1), a Class D Felony; and Fraud,
<span style="font-size:small">(Name the Offense and code or Ordinance section)</span>

Iowa Code 99G. 36(2), a Class D Felony    For, from 12/23/10 - 1/17/12

at     Des Moines , Iowa
<span style="font-size:small">(Here locate the City, or Township where the offense occurred)</span>

in   Polk     County, did    Intentionally conspire with others to attempt to influence the winning of a prize through the use of coercion, fraud, or deception in violation of Iowa Code 99G.36(2); AND, with the intent to defraud, attempted to falsely utter, pass, or redeem a lottery ticket, in violation of Iowa Code 99G.36(1).
<span style="font-size:small">(State the acts or omissions constituting the offense)</span>

I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the proceeding is true and correct. *

March 12, 2015
<span style="font-size:small">Date</span>

X   S/A _____
<span style="font-size:small">Complainant's signature</span>

STATE OF IOWA,
COUNTY OF    Polk     , ss:

I the undersigned, being first duly sworn and under oath, state that the following facts known to me or told to me by other reliable persons form the basis for my belief that    Robert Clark Rhodes II

SAMANTHA R. KANE-TIBBITTS
Commission Number 711733
My Commission Expires

the defendant committed the crime charged.

On December 23, 2010 a winning Hot Lotto ticket was purchased at the Quick Trip on E14th and Interstate 80 in Des Moines, Iowa. This purchase was captured and recorded with video and audio surveillance. On November 9 and 10, 2011, the Iowa Lottery was contacted by Philip Johnston of Canada claiming to be the winner of the lottery ticket. Johnston was able to provide the 15 digit security number printed on the winning ticket as verification of his claim. The lottery noticed discrepancies between Johnston's statements and known facts, including the descriptions of the purchaser's clothing, and did not immediately pay his claim. On December 6, 2011, Johnston contacted the lottery and advised he was not the owner of the ticket and stated he was representing an anonymous party. On December 29, 2011, Crawford Shaw of New York acting as a trustee of Hexham Investments presented a claim and the winning lottery ticket to the Iowa Lottery. In the Grantor Trust Agreement submitted by Shaw, for Hexham Investments, Shaw is listed as the Trustee and Johnston is listed as the Trustor/President of Hexham Investments Ltd. On January 17, 2012, Crawford Shaw traveled to Iowa and met with officials from the Iowa Lottery to provide documentation that might help reach an agreement for the release of the winnings. The Lottery could still not determine the validity of the purchase of the ticket without the identity of the purchaser, and continued to refuse to pay the claim. On January 26, Shaw withdrew the claim of ownership to the lottery ticket. Law enforcement made unproductive attempts to interview Johnston and Shaw to learn the identity of their client and other details. They also attempted to enhance the video footage of the purchaser's face, without success.

On August 21, 2013, Johnston agreed to be interviewed in Quebec City, Canada about his knowledge of the lottery ticket. Johnston advised he was first contacted on October 17, 2011 by Robert Sonfield and Robert Rhodes, who at all relevant times have been residents of Houston, Texas, requesting Johnston's assistance with claiming the lottery ticket. Johnston has a prior professional relationship with Sonfield and Rhodes. Johnston provided copies of his day planner and phone records to verify his statement. He was told by Sonfield that Sonfield, an attorney, represented a client who had a legitimate claim to the lottery but wanted to remain anonymous.

In April 2014, Shaw also confirmed he has a professional relationship with Sonfield for over thirty years. Shaw confirmed Sonfield originally contacted him about the lottery ticket and provided the ticket to him via Fed Ex. Shaw and Johnston, at the direction of Sonfield and Robert Rhodes, organized and completed the paperwork necessary to attempt the claim of the 16.5 million dollar Hot Lotto ticket.

In June 2014, Iowa law enforcement traveled to Houston in an attempt to interview Sonfield and Rhodes about their knowledge of the ticket and its purchaser. Sonfield and Rhodes did not make themselves available. Numerous repeated telephone messages for Rhodes have gone unanswered. On October 9, 2014, the video and audio recording of the purchase of the winning ticket was publicly released with a request for information regarding the identity of the purchaser. On October 13, 2014, an out-of-state employee of the Multi-State Lottery Association (MUSL), which runs the Hot Lotto, provided a tip that the individual in the video is the defendant, Eddie Tipton. The defendant is the Director of Security for MUSL and lives in Iowa. As an employee of a vendor to the Iowa Lottery, who also has access to confidential information which may compromise the integrity of the lottery, the defendant is prohibited by the Iowa Code from purchasing lottery tickets or winning the lottery.

On November 7, 2014, DCI Special Agent interviewed Tipton. He admitted that he is not allowed to buy lottery tickets nor can he win the lottery. He stated that he did not buy the ticket and that he "wasn't even in town in that time period" that the ticket was purchased. He said he was in Houston, Texas, where he grew up, seeing "all family." However, cell phone records indicate he was in the Des Moines area on the date the ticket was purchased. A Division of Criminal Investigation photographer analyzed the video of the purchase to highlight the vehicle the purchaser used to leave the store, a silver crossover-style vehicle. Records from Enterprise/Alamo vehicle rental business show that on December 22, 2010, Tipton rented a silver 2007 Ford Edge, a crossover-style vehicle. He returned it on January 3, 2011. During his interview, Tipton was specifically asked twice for other contacts in Houston other than his family. Tipton did not mention Robert Rhodes. However, cell phone records indicate frequent lengthy calls between Tipton and Rhodes, sometimes over an hour hour in length, including on the day Tipton purchased the ticket. In addition, from 1996 to 2003, Tipton served as Chief Operations Officer for Systems Evolution, Rhodes's Houston-based company. On LinkedIn, Rhodes endorsed Tipton as "very focused on the bottom line" and stated "I would work with Eddie again in a second!"

I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct. *

| | |
|---|---|
| **March 12, 2015** | X _SIA Don Smith_ |
| Date | Complainant's signature |

Subscribed and sworn to before me by _Don Smith_ at _1309_, Iowa, this _12_ day of _March_, 20_15_.

 _Samantha Kane Tibbitts_ Notary

SAMANTHA R. KANE-TIBBITTS
Commission Number 711733
My Commission Expires
7-13-16

## ARREST WARRANT

ORIGINATING AGENCY: <u>Atty Gen.</u> CASE NO. _____

STATE OF IOWA
COUNTY OF POLK

POLK COUNTY
CRIMINAL NO. *FE CR 284403*

### DEFENDANT'S PHYSICAL DESCRIPTION

CRIMINAL CHARGE: <u>Fraud</u>

EYES: <u>Blue</u>

HAIR: <u>Brown</u>

HT: <u>6'3"</u>

CODE SECTION: <u>99G.36(1), 99G.36(2)</u>

WT: <u>200</u>

Date Warrant issued: <u>3/18/15</u>

SEX: <u>M</u>

RACE: <u>Caucasian</u>

JUDGE: _____

DEFENDANT'S NAME: <u>Robert Clark Rhodes II</u>

DEFENDANT'S ADDRESS: <u>615 Longview Drive, Sugar Land, TX 77478</u>

SOCIAL SECURITY NUMBER: _____ DATE OF BIRTH: <u>6/1/1968</u>

FOR MORE INFORMATION, CONTACT: DCI SA <u>Don Smith, 515-971-3986</u>

### TO ANY PEACE OFFICER OF THE STATE:

☑ A complaint having been filed, the court finds probable cause to believe that the offense(s) set forth in the complaint have been committed and the defendant committed said offenses.

☐ An Information (Indictment) having been filed in the District Court of said county charging the defendant with the above listed crime.

☐ The defendant having failed to appear before this court after initial appearance but prior to final disposition of the above charge.

☐ The defendant, having been given a suspended or deferred sentence for the above violation and a complaint having been filed with the court to revoke such probation, I hereby find probable cause that the defendant is in violation of probation.

*You are commanded forthwith to arrest said defendant and take him/her before the nearest, most accessible magistrate without unnecessary delay pursuant to Section 804.21 of the Iowa Criminal Code.*

*Cash only*

Bail is set in the amount of <u>$500,000 plus surrender of passport</u>
Unsecured appearance bond is ☐ acceptable ☑ unacceptable.
Ten percent deposit is ☐ acceptable ☑ unacceptable

CERTIFICATE
I, Randy Osborn, Clerk of the District Court of the State of Iowa, in and for Polk County, do hereby certify that this is a true and complete copy of the Original Instrument filed in this office.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said Court at my office in Des Moines, Iowa this ___ day of ___ 2015

RANDY OSBORN
Clerk of the District Court
By_____ Deputy



## State of Iowa Courts

**Type:** ARREST WARRANT

**Case Number**      **Case Title**
FECR284403         STATE VS ROBERT CLARK RHODES II

So Ordered

*Joel D. Novak*

Joel D. Novak, District Court Judge,
Fifth Judicial District of Iowa

Electronically signed on 2015-03-19 10:12:38     page 2 of 2

CERTIFICATE
I, Randy Osborn, Clerk of the District Court of the State of Iowa, in and for Polk County, do hereby certify that this is a true and complete copy of the Original Instrument filed in this office.
IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of said Court at my office in Des Moines, Iowa this ___ day of ___

RANDY OSBORN
Clerk of the District Court
By _____ Deputy

# IOWA CODE

## 99G.36 FORGERY -- FRAUD -- PENALTIES.

1. A person who, with intent to defraud, falsely makes, alters, forges, utters, passes, redeems, or counterfeits a lottery ticket or share or attempts to falsely make, alter, forge, utter, pass, redeem, or counterfeit a lottery ticket or share, or commits theft or attempts to commit theft of a lottery ticket or share, is guilty of a class "D" felony.

2. Any person who influences or attempts to influence the winning of a prize through the use of coercion, fraud, deception, or tampering with lottery equipment or materials shall be guilty of a class "D" felony.

3. No person shall knowingly or intentionally make a material false statement in any application for a license or proposal to conduct lottery activities or make a material false entry in any book or record which is compiled or maintained or submitted to the board pursuant to the provisions of this chapter. Any person who violates the provisions of this section shall be guilty of a class "D" felony.

## Section History: Recent Form

2003 Acts, ch 178, §89, 121; 2003 Acts, ch 179, §142

Cause No. 15-DCR-68,818

STATE OF TEXAS                     §   IN THE DISTRICT COURT

VS.                               §   400TH JUDICIAL DISTRICT

ROBERT CLARK RHODES II            §   FORT BEND COUNTY, TEXAS

---

STATE'S ANSWER TO DEFENDANT'S WRIT OF HABEAS CORPUS

---

TO THE HONORABLE JUDGE:

COMES NOW THE STATE OF TEXAS, by and through its District Attorney for Fort Bend County and answers the defendant's "Application For Writ of Habeas Corpus", and would show that said writ is without merit, that all relief should be denied, and that said applicant should be immediately placed into custody to await the officials from the State of Iowa to transport the said applicant to Iowa:

I.

The Applicant Asks this Court To Violate the Law

It is well established that this Court in **this extradition hearing** is to do only the following: is the warrant on its face in order and is the applicant the individual wanted by the requesting State. "Once the Governor of an asylum State (i.e. Texas)

grants extradition, a court considering release on habeas corpus **can consider only** the following: (1) whether the extradition documents **on their face are in order** (note: the papers are in order; (2) whether the petitioner has been **charged with a crime** in the demanding State; (3) whether the **petitioner is the person named in** the in the request for the extradition; and (4) whether the petitioner is a fugitive." <u>Ex Parte Walker</u>, 350 SW3rd 417 (Tex App – Eastland- 2011).

The Court cannot inquire into any other matters – it cannot inquire into the validity of the prosecution, it cannot consider any defenses to the prosecution, and it cannot consider any argument by the applicant as to statutory irregularities. "In conducting an extradition hearing, a court in the asylum state can do no more that determine the requisites of the extradition act. A petitioner's defense to his guilt or innocence is not to be determined. We may not look behind the governor's warrant to the demanding state's cases and statutes if the warrant is valid on its face." <u>Ex Parte Walker</u>, 350 SW3rd 417 (Tex App – Eastland- 2011.).

Further, the extradition statute itself states that the Court in the asylum state may not inquire into the guilt or innocence of the applicant. "The **guilt or innocence** of the accused as to the crime of which he is charged **may not be inquired** into by the Governor or **in any proceeding** after the demand for extradition accompanied by the charge of crime in legal form as above provided …." CCP art 51.13 sec.20.

Robert C. Rhodes, through his application for writ of habeas corpus, has **requested this Court to violate all of the above** laws by inquiring into the the applicants acts and defenses ("...Applicant did no intentional act that resulted in a crime in Iowa...; the Statute of limitations is ... ).

## II.

The Governor's Warrant/Paperwork is in Order as Represented in the Writ of Habeas Corpus

The Applicant attaches the paperwork in his writ and the writ fails to contest the paperwork being in order. Even if the applicant tried to contest the matter, the extradition is in order on its face:

(a) From the demanding state (Iowa): it contains the seal of the demanding state, along with the criminal complaint, affidavits, and the description of the defendant – his name , date of birth and address.

(b) From the asylum state (Texas): it contains the seal of the governor, demanding the applicant be arrested and transported to Iowa, along with the picture of the applicant, his name, address and date of birth.

## III.

## The Applicant Does Not Contest his Identity

**The Applicant fails to contest his identity in his writ.** Once a Governors warrant has been issued, it is incumbent upon the applicant to show he is **not in fact** the person wanted in in demanding state. ("To escape extradition on executive warrant of the Governor of Texas, ordering his arrest and extradition, it was incumbent upon the habeas corpus petitioner to show that he was not in fact the person wanted in the demanding State." Ex Parte Quale, 298SW2d 174 (Crim App 1957).

The writ **fails to contain a sworn denial from the applicant** that he is not the person named in the governor's warrant. ("The applicant/appellant did not deny under oath that he was the person named in the warrant. Absent a sworn denial, the burden was on the applicant/appellant in extradition proceeding to show that he was not the person named in the governor's warrant." Ex Parte Connelly, 479 SW2d 943 (Crim App 1972).

Further, the application for writ is not sworn to by the applicant but by a defense attorney, James Pierce, which is also insufficient to issue a claim that the applicant is not the person in the governors warrant.("The affidavit sworn to by appellant's attorney is insufficient to place the petitioner's identity into issue". Rentz v State, 833 SW2nd 278 (14th App. Ct. 1992). Indeed, the rewording of the

present application conspicuously leaves out any contestation of the defendant's identity, which this court can use in its determination of the defendant being the person wanted by the state of Iowa. Further, applicant's attorney, at the prior docket on June 19, 2015, presented to this court his admission that the fingerprints in the Governor's warrant were that of the Robert C. Rhodes.

Considering all of the above, there is no issue before this court that contests that the Robert C. Rhodes before this court is the same person named in the Governor's warrant; and as such, the writ must be denied.

### III.

"Fugitive" is a surplusage and becomes immaterial under CCP51.13, and any determination as to the whereabouts of the applicant is for the demanding State

Determination during guilt-innocence

The application sworn to by the defense counsel makes mention of the term "fugitive " and then cites a case, to-wit: "Applicant is not a fugitive ...." Ex Parte King, 236 SW2d 806 (Tex Crim App 1951.) The attorney who swore to the application fails to inform this court that CCP art 51.13 does not require that the defendant have been in the demanding state (Iowa) when the offense was committed nor have any subsequent decisions. "In our view, article 51.13 section 3

does not require the asylum State (Texas) to prove in a habeas corpus hearing that the person accused of committing a crime in the demanding state (Iowa) was present in the demanding state at the time of the commission of the alleged crime. … The truth of the allegations (i.e. the charging instrument of the demanding state (Iowa)) is reserved for the determination by the courts of the demanding state at the trial of the accused in which the guilt-innocence of the accused is determined." Rayburn v. State, 748 SW2d 285 (Tex App – Tyler 1988). "… The Code Crim Procedure art 51.13 Section 6 …makes it unnecessary to prove appellant was in the demanding state at the time of the offense, appellant's first point of error is without merit." Rentz v State, 833 SW2nd 278 (14[th] App. Ct. 1992). "The Governor of this State may also surrender, on demand of the Executive Authority of any other State, any person in this State charged in the manner provided in section 3 with committing an act in this State, or in the third State, intentionally resulting in a crime in the State whose executive Authority is making the demand, and the provisions of this Article not otherwise inconsistent, shall apply to such cases, even though the accused was not in that State at the time of the commission of the offense, and has not fled therefrom." CCP art 51.13 sec 6.

Obviously, a person wanted for a crime in another State who, seeks to abate the administration of justice in the demanding State is a "fugitive" (Ex Parte Harrison, 568 SW2d 339 (Ct. Crim App 1978), and that is why the appellate courts

have considered it surplusage at best. "The fact that the warrant here refers to appellant as a 'fugitive' after clearly stating that the acts complained of occurred in Texas does not render the warrant void. We will treat and disregard such description as surplusage…. **Status as a fugitive is not essential to extradition.**" (Ex Parte Harrison, 568 SW2d 339 (Ct. Crim App 1978).

Finally, testimony or other evidence offered by the accused or the State with respect to accused's location on date of the offense is irrelevant in habeas proceeding to block extradition. "… no factual inquiry as to the truth of the allegations made in the requisition should be made by the habeas court in the asylum state. Stated another way, testimony or other evidence offered by the accused or the state respecting the whereabouts of the accused on the date of the commission of the offense charged against him is inadmissible because it is relevant only to the issue of the accused's guilt or innocence, triable only in the courts of the demanding state." Rayburn v. State, 748 SW2d 285 (Tex App – Tyler 1988).

## IV.

### The Rules of Evidence Do Not Apply in Extradition and the Burden on the Asylum State is met by the Governors Warrant

It has been well established that the burden in a habeas proceeding dealing with extradition being allowed is minimal - once the governors warrant has been introduced (and applicant in this case has attached a copy of the governor's warrant), all other burdens shift to the applicant. "If the governor's warrant is **regular on its face,** burden shifts to the accused ...." Ibarra v. State, 961 SW2d 415 (1st Ct App- 1997). It is the Governor of Texas that is allowing the extradition and unless the Governors warrant is void on its face, any relief requested in a habeas corpus must be denied, as anything else would be an inquiry into the guilt-innocence of the defendant. Rayburn v. State, 748 SW2d 285 (Tex App – Tyler 1988); Ibarra v. State, 961 SW2d 415 (1st Ct App- 1997).

Despite the applicant's statement that he objects to hearsay, it is quite clear that the rules of evidence do not apply in extradition matters. That the rules of evidence do not apply is consistent with the appellate decisions dictating that the habeas court is to consider the Governors warrant as prima facie evidence of the of the legality of the extradition. "These rules (of evidence), except with respect to privileges, do not apply in the following situations: proceedings in an application for habeas corpus in extradition. TREv 101 d(1)(C); Rayburn v. State, 748 SW2d

285 (Tex App – Tyler 1988). Of course, in this matter the applicant has waived attorney-client by having the attorney swear to the application.

## CONCLUSION

In consideration of all the above, the writ should be denied and Robert C. Rhodes should be detained to await the transfer to Iowa.

Respectfully submitted,

Assistant District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 341-4460
(281) 238-3340 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing State's answer was served via facsimile transmission on July 16, 2015.